Mr. Justice Kelley
delivered the opinion of the Court.
The defendant, Eddie Leo Hernandez, was charged by information (1) with the felonious and unlawful assault of a child under the age of 16 years with the intent to take indecent and improper liberties with the person of said child, and (2) with taking felonious and unlawful, indecent and improper liberties with the person of a child under the age of 16. The defendant was found guilty of both counts of the information by a jury. He is here on writ of error seeking reversal of that conviction.
The defendant’s motion for new trial was based solely upon newly discovered evidence. It should be noted that although the motion for new trial purports to incorporate an affidavit by Mr. Lang, the record does not contain such an affidavit. However, we have treated his *157 testimony on direct examination as constituting the- substance of the affidavit required under CrimP. 33.
The gist of the newly discovered evidence was that Lang would testify that the mother of the victim had caused the victim and two other minor witnesses to give false testimony. The trial court found that the testimony of Mr. Lang did not warrant the granting of a new trial. From our review of the record, we conclude that the trial court did not abuse its discretion in so ordering, as will appear from our subsequent discussion of the facts.
The evidence of the three minor children as to the assault and the taking of indecent liberties, plus the corroborative bloody nose of the victim and the testimony of the next door neighbors to whose home the victim fled for help, is sufficient to sustain the convictions on both counts.
Mr. Lang, who had seven felony convictions at the time of his offer to testify and who was then in the county jail, was a friend of long standing of the victim’s mother.
It appears that Lang had participated in the process of identifying the defendant by taking a neighbor girl who was present in the victim’s home on the night of the alleged offenses to the defendant’s place of employment and had also taken this child to the police line-up. It was the identification of this child at the defendant’s place of employment that resulted in the defendant’s arrest. The record of the hearing on the motion for new trial discloses Mr. Lang had talked to both the district attorney and to defense counsel prior to trial, and that at that time, he had indicated his belief in the guilt of the defendant and said nothing to either the prosecutor or defense counsel in reference to the control by the victim’s mother of the testimony of the minor witnesses.
The most that could be said for the testimony of Mr. Lang is that it was designed to impeach the testimony of the children by showing that their testimony was influ *158 eneecL by the mother. The record indicates - that the witness had a more direct relation to the children’s identification of the defendant than did the. mother. Also-, whatever credence the initial testimony of Mr. Lang appeared to have on. direct examination was completely destroyed upon cross-examination by the district attorney and the re-direct examination of defense counsel.
The “fact,” if such it can be termed, which-Lang at the time of the hearing indicated he would testify to, was available to the defendant prior to trial. The only thing that was new was the proposed witness’s attitude toward the defendant. By no stretch of the imagination can what Mr. Lang had to say be described as newly discovered evidence within the meaning of that term as used in Crim.P. 33. The vacillation and inconsistency of his testimony was such that it is inconceivable that it would change the result if a new trial were granted. He actually admitted he had no knowledge of the so-called “fact” that the mother influenced, directed or controlled the testimony of the minor witnesses.
This case was submitted to us on the briefs. The obligations of counsel for the defendant on appeal as set forth in McClendon v. People, 174 Colo. 7, 481 P.2d 715, have been fully met.
The judgment is affirmed.