548 P.2d 939 (1976)
The PEOPLE of the State of Colorado, Plaintiff-Appellee,
v.
Robert MARQUEZ, Defendant-Appellant.
No. 75-630.
Colorado Court of Appeals, Div. III.
March 18, 1976.
J. D. MacFarlane, Atty. Gen., Jean E. Dubofsky, Deputy Atty. Gen., Edward G. *940 Donovan, J. Stephens Phillips, Asst. Attys. Gen., Denver, for plaintiff-appellee.
Thomas A. Wallace, Denver, for defendant-appellant.
Selected for Official Publication.
PIERCE, Judge.
Defendant, Robert Marquez, sought reduction of his sentence through appointed counsel, who, after research, filed a brief stating that the defendant's contentions were without merit. The People then filed a motion to dismiss the appeal as frivolous, urging, however, that we consider Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, in passing on the motion.
In order to comply with the procedural safeguards established in Anders, copies of defense counsel's "no-merit" brief and the motion to dismiss were furnished to the defendant, and he was allowed 30 days to inform this court of any points he wished to raise in support of the sought reduction in sentence. No reply was received by the court.
Rather than dismissing the appeal as frivolous, see United States v. Rogers, 481 F.2d 896 (5th Cir.), we are persuaded that Garcia v. People, 174 Colo. 372, 483 P.2d 1347, requires us not only to consider independently the issue raised by the defendant, but also to render a decision on the merits of the appeal and to do so despite counsel's concurrence that no issues warranting such treatment have been raised. That state law might compel a decision on the merits in such cases was expressly contemplated by the United States Supreme Court in Anders, and is also supported by cases such as Hernandez v. People, 175 Colo. 155, 486 P.2d 24, and Mc-Clendon v. People, 174 Colo. 7, 481 P.2d 715.
We have carefully examined all of the proceedings in this case and agree with the position taken by counsel for defendant. We now find, upon our examination of the record and the law, that the argument of the defendant in support of reduction of sentence is without merit. See § 16-11-306, C.R.S.1973; Maciel v. People, 172 Colo. 8, 469 P.2d 135.
Sentence affirmed.
SMITH and BERMAN, JJ., concur.