**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Neil Gerald BREAMAN, Defendant–Appellant.**

No. 95CA0358.

Colorado Court of Appeals, Div. II.

March 7, 1996.

Rehearing Denied April 11, 1996.

Certiorari Granted Oct. 15, 1996.

Gale Norton, Attorney General, Stephen K. ErkenBrack, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, M. Catherine Duba, Assistant Attorney General, Denver, for Plaintiff–Appellee.

Shanahan, Dumler, Swanson & Olsson, P.C., Conrad T. Swanson, Fort Collins, for Defendant–Appellant.

Opinion by Judge CRISWELL.

Defendant, Neil Gerald Breaman, appeals the trial court order denying his motion for post-conviction relief pursuant to Crim.P. 35(c). We reverse and remand for further proceedings.

Defendant entered a guilty plea to one count of attempted second degree kidnapping in exchange for the dismissal of a third degree sexual assault charge. He received a twenty year sentence.

Defendant later filed a *pro se* motion for post-conviction relief pursuant to Crim.P. 35(c). He alleged in his motion that he had received ineffective assistance from his trial counsel, that he was not guilty of the crime for which he was charged, and that his guilty plea was the result of coercion.

Counsel was appointed to assist defendant in this post-conviction matter. The court instructed defendant's appointed counsel to investigate defendant's claims and to determine whether they had merit. The court directed counsel that, if meritorious issues existed, an amended motion should be filed and the matter would be set for hearing.

Appointed counsel reviewed the court files and the transcripts of defendant's providency and sentencing hearings. He also discussed the case with the arresting officer and the original defense counsel and reviewed former counsel's complete file, as well as the case file from the district attorney's office. He presumably also spoke with his client. Based on this review, defendant's appointed counsel, who was not the counsel representing defendant before this court, informed the court that 1) the conduct of defendant's original counsel did not fall below an objective standard of reasonableness, and 2) the contentions raised in defendant's *pro se* Crim.P. 35(c) motion had no arguable merit. These representations by counsel were not accompanied by a request to withdraw from representing defendant; apparently, counsel considered that the filing of such a report with the court was within the mandate given him when he was appointed.

The court denied defendant's *pro se* motion. In its order, the court incorporated the findings of appointed counsel as its only basis for its denial of the motion. No separate or additional findings of fact or conclusions of law were adopted by it.

Defendant contends that the court erred in denying his motion without a hearing. He also argues that the court's reliance

on the conclusions of his appointed counsel with respect to the merits of the motion was improper and that the court failed to make sufficient findings of fact and conclusions of law. We agree, in part.

■ In response to a Crim.P. 35(c) motion, a district court must hold a hearing upon that motion, unless "the motion and files and record of the case" show that the defendant is entitled to no relief. Crim.P. 35(c)(3); *People v. Hutton,* 183 Colo. 388, 517 P.2d 392 (1973). And, whether or not a hearing is held, the court must adopt findings and conclusions, showing the bases for its order. *See People v. Crater,* 182 Colo. 248, 512 P.2d 623 (1973).

Here, rather than holding a hearing to assess defendant's claims itself, the trial court directed defense counsel to conduct an investigation of the pertinent allegations and accepted counsel's later conclusion that they lacked merit. We conclude that the court erred in adopting this approach.

■ First, this procedure is inappropriate because defense counsel, whether privately retained or publicly appointed, should not be placed in the position of warranting the validity of his client's assertions.

■ Under Colorado Rules of Professional Conduct, a lawyer does not warrant the validity of any assertion made on the client's behalf, so long as a reasonable, non-frivolous argument can be made in good faith in support of that assertion. *See* Colorado Rules of Professional Conduct 3.1, comment 2 (an action "is not frivolous even though the lawyer believes that the client's position ultimately will not prevail."). Indeed, a lawyer may properly "present a supportable argument which is extremely unlikely to prevail...." *Mission Denver Co. v. Pierson,* 674 P.2d 363, 365 (Colo.1984).

Hence, counsel for a defendant in a criminal case should not be charged with the responsibility of reporting upon the validity of that client's assertions; such responsibility may conflict with counsel's duty to present on the client's behalf such assertions and arguments as may reasonably be advanced, even though counsel may consider that they are extremely unlikely to win the day.

Further, counsel's investigation here included interviews with the client and former counsel. Whether counsel's conclusions, reached after conducting such an investigation, were based, in part, upon credibility considerations is not expressly disclosed by the record. Counsel should not, however, be placed in the position of being required to reveal, even indirectly, confidential communications. *See People v. Schultheis,* 638 P.2d 8 (Colo.1981) (counsel should not be required to specify particular provision of professional code to justify request for withdrawal, because such might disclose client's confidences). Requiring counsel to assess the validity of a client's assertions may present a real danger of such occurrence.

Second, a court in passing upon the validity of a party's assertions must reach its own, independent evaluation of such assertions; it cannot rely solely upon counsel's representations respecting the subject.

■ If counsel becomes convinced that his client is seeking to contaminate the judicial process or that the cause is meritless, counsel can ask to be relieved of his representational responsibilities. *See Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *People v. Schultheis, supra; People v. Ray,* 801 P.2d 8 (Colo.App. 1990).

■ However, even if the court exercises its discretion to allow counsel to withdraw from representing a client in a criminal case because counsel considers the cause to be meritless, such determination does not relieve the court of its adjudicatory responsibility. The court must still review the pertinent materials for itself and reach its own conclusions as to the merits of the respective arguments presented. *People v. Marquez,* 37 Colo.App. 441, 548 P.2d 939 (1976).

Here, the record contains no indication that the court conducted its own, independent review of the record in light of defendant's contentions. Rather, its order indicates that it merely accepted counsel's report and based its decision upon that report, rather than upon its own, independently-formed determinations.

Under these circumstances, the order denying defendant's Crim.P. 35(c) motion must be reversed and the cause remanded for further proceedings. In doing so, we leave it to the trial court to determine, in the first instance, whether an evidentiary hearing is necessary or whether, considering the specific claims made by defendant, a proper resolution of the issues presented can be made from the existing record alone. In any event, however, in ultimately addressing these issues, the court shall adopt its own appropriate findings and conclusions.

The order denying defendant's Crim.P. 35(c) order is reversed, and the cause is remanded to the district court for further proceedings consistent with the views contained in this opinion.

STERNBERG, C.J., and HUME, J., concur.