The PEOPLE of the State of
Colorado, Petitioner,

v.

Neil Gerald BREAMAN, Respondent.

No. 96SC307.

Supreme Court of Colorado,
En Banc.

June 23, 1997.

Gale A. Norton, Attorney General, Martha Phillips Allbright, Chief Deputy Attorney General, Richard A. Westfall, Solicitor General, John Daniel Dailey, Deputy Attorney General, Robert Mark Russel, First Assistant Attorney General, M. Catherine Duba, Assistant Attorney General, Criminal Enforcement Section, Denver, for Petitioner.

Shanahan, Dumler, Swanson & Olsson, P.C., Conrad T. Swanson, Fort Collins, for Respondent.

Justice KOURLIS delivered the Opinion of the Court.

We granted certiorari to review the court of appeals decision in *People v. Breaman,* 924 P.2d 1139 (Colo.App.1996), reversing a district court order denying defendant Neal Gerald Breaman's motion for post-conviction relief pursuant to Crim. P. 35(c). Because we agree that the district court erred in its directions to counsel and in its failure to enter independent findings and conclusions upon review of Breaman's motion, we affirm the court of appeals.

## I.

On September 5, 1991, pursuant to a plea agreement, Breaman entered a guilty plea to one count of attempted second degree kidnapping in exchange for the dismissal of a third degree sexual assault charge. The plea agreement was signed by Breaman, Breaman's appointed counsel, and a deputy district attorney. The district court sentenced Breaman to twenty years in the Department of Corrections pursuant to a stipulation in the plea agreement.

On November 27, 1992, Breaman filed a Motion for Free Transcript requesting transcripts of all the hearings held in his case as well as copies of all depositions, pre-sentence investigation reports, sentence recommendation reports, and pre-trial plea negotiations. In the motion, Breaman alleged that he had a meritorious basis for retraction of his guilty plea and that he needed the transcripts and documents to pursue post-conviction relief. On April 8, 1993, the district court denied Breaman's motion and made the following findings:

> The Court would note that this was a stipulated 20–year sentence based upon a plea bargain wherein the defendant[,] who is [sic] on parole at the time of the offense, did receive a significant concession and the Court has already found that not only is there a factual basis for his plea, but that he was represented by competent, effective counsel and that the defendant's plea was freely, knowingly, intelligently, and voluntarily made with the defendant being advised as to the possible penalties, and an affirmation that he knew and understood the terms of the disposition. Therefore, under these circumstances, the Court does not find it appropriate to incur the additional expense in providing transcripts or the other matters which defendant seeks which are beyond this Court's jurisdiction.

Over a year later, on July 7, 1994, Breaman filed a *pro se* Crim. P. 35(c) motion requesting the district court to vacate his sentence. Breaman alleged in his motion that he received ineffective assistance of counsel, that his plea was not knowing and voluntary, and that he did not commit the

crime to which he pled guilty. Breaman also filed a motion requesting the district court to appoint counsel to assist him with his Crim. P. 35(c) motion.

In response to Breaman's motions, the district court issued an order appointing an attorney "to review [Breaman's] submissions, consult with [Breaman] and make such further investigations as may be appropriate to determine if a meritorious issue exists." The district court order further stated, "If counsel determines that meritorious issues exist, it shall file an amended motion specifying those issues and the Court will then set such proceedings as may be appropriate."

On December 21, 1994, the appointed attorney filed a status report indicating that he had: (1) reviewed the court files and the transcripts in the dispositional hearings; (2) discussed the case with the arresting officer; (3) discussed the case with the attorney who allegedly gave Breaman ineffective assistance and reviewed her entire file; (4) reviewed the district attorney's file; and (5) researched the applicable law. Based upon that review, the appointed attorney reached the following two conclusions in his status report:

    1. That the conduct of prior Counsel for the Defendant in the defense and disposition of this case did not fall below an objective standard of reasonableness.

    2. That the contentions raised in the Defendant's Motion to Vacate Sentence Pursuant to C.R.C.P. 35(c) are without arguable merit and that the Defendant's Constitutional Rights throughout the proceedings were adequately protected.

After receiving the status report, the district court summarily denied Breaman's Crim. P. 35(c) motion. The district court did not articulate any findings of fact or conclusions of law, and did not provide any basis for its denial other than the recommendation of the appointed attorney. Breaman appealed the denial of his motion.

The court of appeals held that the district court committed two errors. First, it concluded that the court erred in instructing the appointed attorney to conduct an investigation and report on the validity of Breaman's allegations because "such responsibility may conflict with counsel's duty to present on the client's behalf such assertions and arguments as may reasonably be advanced, even though counsel may consider that they are extremely unlikely to win the day." *Breaman*, 924 P.2d at 1141. Second, the court of appeals held that the district court erred in dismissing Breaman's Crim. P. 35(c) motion without making its own findings and conclusions. *Id.* at 1142. The court of appeals reversed the district court order dismissing the motion and remanded the case. *Id.* The People appealed the court of appeals decision and we granted certiorari to review the question of whether the district court erroneously directed the appointed defense attorney to conduct an investigation regarding the merit of Breaman's Crim. P. 35(c) motion. In deciding this issue, we address both aspects of the court of appeals holding: namely, whether the district court's instructions conflicted with the appointed attorney's duties to Breaman; and whether the district court erred in failing to make its own findings of fact and conclusions of law.

## II.

### A.

In considering the district court's instructions to the appointed attorney, we first note that this court has not recognized a right to counsel with respect to Crim. P. 35(c) motions. *See Duran v. Price*, 868 P.2d 375, 379 (Colo.1994); *Murphy v. People*, 863 P.2d 301, 304 n. 9 (Colo.1993). *But see People v. Hickey*, 914 P.2d 377, 379 (Colo.App.1995) (recognizing limited statutory right to counsel in post-conviction proceedings where allegations are factually sufficient to warrant a hearing); *People v. Duran*, 757 P.2d 1096, 1097 (Colo. App.1988) (recognizing limited statutory right to counsel in Crim. P. 35 hearing unless public defender concludes issues raised by defendant have no arguable merit); *People v. Naranjo*, 738 P.2d 407, 409 (Colo.App.1987) (same). We have held, however, that a district court has the authority to appoint counsel in Crim P. 35(c) proceedings. *See Duran*, 868 P.2d at 379; *Murphy*, 863 P.2d at 304 n. 9.

A court-appointed public defender does not have a duty to prosecute a claim for post-conviction relief after determining that there is no arguable merit to the defendant's claim. *See* § 21–1–104(2), 8B C.R.S. (1986) ("In no case, however, shall the state public defender be required to prosecute any appeal or other remedy unless the state public defender is satisfied first that there is arguable merit to the proceeding."); Colo. RPC 3.1 ("A lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein unless there is a basis for doing so that is not frivolous . . . .").

Therefore, the district court had the discretion to appoint counsel and the court's instructions were generally consistent with the applicable statutory and professional obligations imposed upon the attorney.[1] However, we find the district court erred not because it instructed the appointed attorney to determine whether Breaman's claims were meritorious, but rather because of the manner in which it did so.

An attorney appointed to represent a criminal defendant must not have a conflict of interest, *see Murphy*, 863 P.2d at 304, and must provide the client with professionally competent assistance, *see Strickland v. Washington*, 466 U.S. 668, 690, 104 S.Ct. 2052, 2065–66, 80 L.Ed.2d 674 (1984). The attorney is appointed for the purpose of representing the defendant, not to serve as the court's fact-finder. The court may instruct the attorney that he or she is not required to pursue meritless claims and that he or she may request permission to withdraw after determining that the defendant's claims are without merit.[2] It is not proper, however, for the court to appoint an attorney solely for the purpose of investigating the merit of a defendant's claims. The distinction is subtle but important.

In this case, the district court's order was impermissible. The order did not appoint counsel for the purpose of representing Breaman in the prosecution of his claims, but rather "to review [Breaman's] submissions, consult with [Breaman] and make such further investigations as may be appropriate to determine if a meritorious issue exists." The appointed attorney's status report does not include any reference to a conversation with Breaman, and it appears that, consistent with the court's instructions, he reviewed the claims and reported directly to the court. Breaman did not have a right to appointed counsel. Having made the decision to appoint such counsel, however, the district court was not entitled to deny Breaman the

---

1. Contrary to the court of appeals assertion, the district court's order did not interfere with the appointed attorney's "duty to present on the client's behalf such assertions as may reasonably be advanced, even though counsel may consider that they are extremely unlikely to win the day." *Breaman*, 924 P.2d at 1141. There is a distinction between claims that are without merit and claims that, although unlikely to prevail, may be reasonably advanced. Here, the district court addressed only the former. Pursuant to the district court's order, the appointed attorney was required to present any assertions that could have been reasonably advanced, regardless of the likelihood of success.

We also do not believe that requiring defense counsel to assess the validity of a client's assertions necessarily presented a danger of placing counsel "in the position of being required to reveal, even indirectly, confidential communications." *Id.* The appointed attorney was required only to determine whether the claims lacked merit, and inform the court of this conclusion. Informing the court that he did not believe that Breaman's assertions had any merit, for whatever reason, did not require the appointed attorney

to disclose any confidential information learned from Breaman.

2. If appointed counsel in the first appeal from a criminal conviction determines that the defendant's case is wholly frivolous, after a conscientious examination of it, he or she should so advise the court and request permission to withdraw. *See Anders v. California*, 386 U.S. 738, 744, 87 S.Ct. 1396, 1400, 18 L.Ed.2d 493 (1967). "That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal." *Id.* Because a defendant does not have an underlying constitutional right to appointed counsel in post-conviction proceedings, a defendant "has no constitutional right to insist on the *Anders* procedures which were designed solely to protect that underlying constitutional right." *Pennsylvania v. Finley*, 481 U.S. 551, 557, 107 S.Ct. 1990, 1994, 95 L.Ed.2d 539 (1987). Therefore, an attorney appointed to assist a defendant with Crim. P. 35(c) proceedings, who determines that the defendant's claims are without merit, may inform the court that he or she believes the defendant's claims are without merit and request permission to withdraw without filing an *Anders* brief.

effective representation of that counsel. Although it was proper for the district court to remind the appointed counsel of his statutory and professional obligations, it should have made it clear that the purpose of the attorney's appointment was to represent Breaman, not to serve as the court's fact-finder.

### B.

Once the motion was at issue before the court, the court had certain independent obligations irrespective of the attorney's conclusions or analysis. The requirements for evaluating a motion for post-conviction relief are set forth in Crim. P. 35(c), which provides in pertinent part:

> Unless the motion and the files and record of the case show to the satisfaction of the court that the prisoner is not entitled to relief, the court shall cause a copy of said motion to be served on the prosecuting attorney, grant a prompt hearing thereon, and take whatever evidence is necessary for the disposition of the motion. In all cases, the court shall determine the issues and make findings of fact and conclusions of law with respect thereto.

■■■ Pursuant to this rule, the district court must make findings of fact and conclusions of law in every determination of a Crim. P. 35(c) motion. *See People v. McCall,* 662 P.2d 178, 179 (Colo.1983) (holding that trial court erred in failing to make findings of fact and conclusions of law with respect to defendant's motion for post-conviction relief). "Such findings and conclusions must sufficiently set forth the basis of the ruling." *People v. Crater,* 182 Colo. 248, 252, 512 P.2d 623, 625 (1973). The district court must also hold an evidentiary hearing unless the motion, the files, and the record of the case " 'clearly establish that the allegations presented in the defendant's motion are without merit and do not warrant postconviction relief.' " *People v. Trujillo,* 190 Colo. 497, 499, 549 P.2d 1312, 1313 (1976) (quoting *People v. Hutton,* 183 Colo. 388, 391, 517 P.2d 392, 394 (1973)); *see also White v. Denver Dist. Court,* 766 P.2d 632, 634 (Colo.1988).

■■■ Here, the district court order did not sufficiently set forth the basis for the court's ruling. In the order, the district court simply stated that it "accepted appointed counsel's status report" and, on this basis alone, denied the motion. Contrary to the requirements of Crim. P. 35(c)(3), the district court did not arrive at its own findings of fact or conclusions of law. There is also no indication in the order that the district court independently reviewed Breaman's motion, the files, and the record and determined to its satisfaction that the allegations presented in Breaman's motion did not warrant post-conviction relief. The fact that appointed counsel thoroughly reviewed the record did not relieve the district court of its obligation to reach its own findings and conclusions.

■■■ The People contend that the conclusions of law which the district court entered in its April 1993 order denying Breaman's Motion for Free Transcript provide a sufficient basis for its denial of the Crim. P. 35(c) motion. Because of the timing, not the content, we find the earlier order to be an insufficient basis for the ultimate denial of the Crim. P. 35(c) motion. In the January 1995 order, the district court did not make any reference to its earlier conclusions. The district court was required to enter findings of fact and conclusions of law in ruling on Breaman's motion for post-conviction relief, as mandated by Crim. P. 35(c), and its order issued over a year earlier did not satisfy that requirement.

### III.

Therefore, we affirm the court of appeals and return this case to that court for remand to the district court with instructions to determine whether an evidentiary hearing was necessary or whether the motion could be decided on the existing record alone, and to adopt its own appropriate findings of fact and conclusions in deciding the motion.