2013 CO 34

**Joshua DOOLY, Petitioner**

v.

**The PEOPLE of the State of Colorado, Respondent.**

**No. 11SC733**

Supreme Court of Colorado.

June 10, 2013

---

Attorneys for Petitioner: Law Offices of Victor T. Owens, Victor T. Owens, Parker, Colorado, The Noble Law Firm, LLC, Antony M. Noble Lakewood, Colorado

Attorneys for Respondent: John W. Suthers, Attorney General, John D. Seidel, Senior Assistant Attorney General, Denver, Colorado

JUSTICE COATS delivered the Opinion of the Court.

¶ 1 Dooly sought review of the court of appeals judgment in *People v. Dooly*, No. 10CA1751, 2011 WL 3717286 (Colo.App. Aug. 25, 2011) (not published pursuant to C.A.R. 35(f)), which affirmed the district court's dismissal of his application for postconviction relief. The district court denied Dooly's request for new counsel and instead granted his existing counsel's motion to dismiss his application altogether, on grounds that the issues it raised failed to state a claim and therefore were without arguable merit. The court of appeals upheld the district court's order of dismissal, reasoning that Crim. P. 12(a) provides for a motion to dismiss an application for postconviction relief and that the public defender, as Dooly's counsel of record, could file motions on behalf of his client, including even a motion to dismiss his client's application for relief from his convictions, in clear contravention of his client's wishes.

¶ 2 Because every person convicted of a crime is provided a statutory right to make application for postconviction relief and is entitled to a prompt review and ruling on any motion substantially complying with Form 4 of the Rules of Criminal Procedure, the district court erred in granting a motion to dismiss against Dooly's wishes. The judgment of the court of appeals is therefore reversed with instructions to order that the defendant's application for postconviction relief be reinstated.

## I.

¶ 3 Joshua Troy Dooly was charged with kidnapping and a number of related misdemeanor offenses, and convicted of false imprisonment, third degree assault, and harassment. In 2009, following the affirmance of his convictions on direct appeal, Dooly wrote to the trial court, requesting the appointment of counsel to represent him in seeking postconviction relief. After being instructed to do so by the public defender, Dooly completed and filed Form 4 of the Rules of Criminal Procedure, alleging that five material facts were not presented at trial and asserting ten separate claims of ineffective assistance of counsel. In response to the district court's inquiry whether he intended to represent Dooly, the public defender entered an appearance on Dooly's behalf and moved for discovery pursuant to Crim. P. 16.

¶ 4 Nearly a year later, Dooly again wrote to the district court, this time indicating that the public defender was not investigating his claims or returning his letters or phone calls and requesting appointment of different counsel. The district court denied this request for new counsel and instead ordered the district attorney to respond to the allegations of Dooly's Form 4, Petition for Postconviction Relief Pursuant to Crim. P. 35(c). Before the district attorney could respond, however, the public defender filed a motion, purportedly pursuant to Crim. P. 12(a), for dismissal of his client's application for postconviction relief in its entirety, asserting as grounds that Dooly's petition failed to state a claim and therefore had no arguable merit. Without further inquiry or explanation, the district court granted the motion by marking the "granted" option at the bottom of the motion and signing it, dismissing Dooly's application.

¶ 5 The court of appeals affirmed, holding that although it was "unusual" for postconviction counsel to withdraw his client's entire 35(c) motion rather than merely withdrawing from representation himself, the district court nevertheless did not err in granting the motion because "the public defender was defendant's counsel of record, he could file a motion on behalf of defendant, including the motion to withdraw defendant's Form 4 motion, and seek dismissal of the matter." The court of appeals also expressly found that Crim. P. 12(a) provided for such a motion to dismiss. We granted Dooly's petition for a writ of certiorari.

## II.

¶ 6 Every person convicted of a crime in this jurisdiction is entitled as a matter of right to make application for postconviction review on any of a number of designated grounds, including, for example,

that the conviction was obtained in violation of the constitution or laws of this state or the United States, or on any grounds otherwise properly the basis for collateral attack upon a criminal conviction. § 18–1–410(1)(a) and (g), C.R.S. (2012). While a criminal defendant may have only a limited statutory right to the assistance of counsel in postconviction proceedings, see *Silva v. People,* 156 P.3d 1164, 1165 (Colo.2007), once the public defender decides to enter his appearance, he must provide professionally competent assistance, subject to review according to the standard of *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *Silva,* 156 P.3d at 1165. Not only, therefore, does a criminal defendant have an absolute right to challenge the effectiveness of his trial counsel by postconviction review, but in light of the factual considerations potentially involved in claims of ineffectiveness, including whether the complained-of actions or omissions of counsel were actually informed tactical choices, defendants have regularly been encouraged to raise ineffectiveness claims by postconviction review rather than direct appeal. See *Ardolino v. People,* 69 P.3d 73, 77 (Colo.2003); Crim. P. 35(c)(3) (VIII); *cf. Trevino v. Thaler,* — U.S. —, 133 S.Ct. 1911, 1920–21, 185 L.Ed.2d 1044 (2013) (the need for a new lawyer, the need to expand the trial court record, and the need for sufficient time to develop the claim, argue strongly for initial consideration of the claim during collateral, rather than on direct, review); *Massaro v. United States,* 538 U.S. 500, 505, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003) (finding the district court "the forum best suited" for ineffective assistance claims).

■ ¶ 7 While we have often noted that trial counsel is generally accepted to be the "captain of the ship" with regard to tactics and matters of trial strategy, we have at the same time made clear that he must always apply his professional experience in making these tactical choices to effectively represent the interests of his client, not those of anyone else, including the court. *See, e.g., People v. Bergerud,* 223 P.3d 686, 693 (Colo.2010); *People v. Breaman,* 939 P.2d 1348, 1351 (Colo.1997). A defendant's attorney is therefore tasked with determining, for instance, which issues to pursue on appeal, but he

could no more dismiss his client's appeal against the client's wishes than he could confess his client's guilt by entering a plea of guilty to the charges against him. *A.L.L. v. People,* 226 P.3d 1054, 1061 (Colo.2010) (citing *Jones v. Barnes,* 463 U.S. 745, 751, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983)). A motion by counsel to dismiss his client's application for postconviction relief for lack of merit can no more be considered a tactical decision in his client's interest than could pleading him guilty to the charges in the first place.

■ ¶ 8 An attorney admittedly has ethical obligations to the court, but those obligations could at most require him to move for withdrawal in lieu of presenting meritless claims or perpetrating a fraud on the court. *A.L.L.,* 226 P.3d at 1062; *Breaman,* 939 P.2d at 1351 n. 2. As we have held in the context of appellate review, even the denial of a motion to withdraw, should the court determine that the interests of his client would best be protected by the attorney's neutral presentation of the applicable facts and law, would however, not necessarily put counsel in an intractable ethical dilemma. *A.L.L.,* 226 P.3d at 1063–64. Where, as here, a criminal defendant has no right to the appointment of counsel in the absence of a determination by the court and the public defender that his claims have arguable merit, *Silva,* 156 P.3d at 1168, even the delicate task of safeguarding a litigant's right to counsel cannot be an issue.

■ ¶ 9 Quite apart from the ineffectiveness of an attorney's actually moving to deprive his client of an opportunity for postconviction review, Crim. P. 35(c) simply does not contemplate the *dismissal* of a motion for postconviction relief, as distinguished from the *denial* of its claims. Although the rule clearly provides for the denial of an application, or specific claims contained in it, for reasons other than the merits of the claims presented, see Crim. P. 35(c)(IV) and (VII), even an order denying postconviction relief on procedural grounds must be supported by findings of fact and conclusions of law, and it must comply with the other procedural requirements of the rule. *Breaman,* 939 P.2d at 1352. Nor does Crim. P. 12(a) provide for

the *dismissal* of an application for postconviction relief. By both its title and content, Crim. P. 12(a) clearly applies to no more than pleas and pretrial motions, and merely abolishes all pleas not specifically enumerated in the rule, as well as demurrers and motions to quash, mandating that any defenses and objections raised by a defendant *before trial* which previously could have been raised by one of them now must be raised by motion to dismiss or to grant appropriate relief, as provided in the rules of criminal procedure.

¶ 10 Whether, at what stage of the proceedings, and upon what grounds, a criminal defendant might be entitled to withdraw his own application for postconviction relief without a ruling is not a matter before us on this appeal. It is clear, however, that a district court is not authorized to grant an attorney's motion to dismiss his client's application for postconviction relief without his client's informed consent. To permit the denial of postconviction relief for lack of merit under the guise of granting the public defender's motion to dismiss his client's application would be little different from permitting the appointment of counsel to "serve as the court's fact-finder," precisely the procedure we rejected in *Breaman*.

### III.

¶ 11 Because every person convicted of a crime is provided a statutory right to make application for postconviction review and is entitled to a prompt review and ruling granting or denying any motion substantially complying with Form 4, the district court erred in granting counsel's motion to dismiss against Dooly's wishes. The judgment of the court of appeals is therefore reversed with instructions to order that the defendant's application for postconviction relief be reinstated.