23CA1976 Peo v Hoid 12-19-2024

COLORADO COURT OF APPEALS

Court of Appeals No. 23CA1976
Boulder County District Court No. 20CR2138
Honorable Nancy W. Salomone, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Edward Herbert Hoid,

Defendant-Appellant.

ORDER AFFIRMED

Division IV
Opinion by JUDGE HARRIS
Yun and Kuhn, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced December 19, 2024

Philip J. Weiser, Attorney General, William G. Kozeliski, Senior Assistant
Attorney General, Denver, Colorado, for Plaintiff-Appellee

Edward Herbert Hoid, Pro Se

¶ 1      Defendant, Edward Herbert Hoid, appeals the district court's order denying his Crim. P. 35(c) motion without a hearing. We affirm.

## I.      Background

¶ 2      In January 2021, the People charged Hoid with identity theft, first degree trespass, felony menacing, misdemeanor theft, and criminal mischief. Hoid later pleaded guilty to identity theft, theft, and criminal mischief, and, in exchange, the prosecution dismissed the remaining charges. Under the plea agreement, sentencing was left open to the court. The district court sentenced Hoid, who was on parole at the time he committed the offenses, to a controlling term of seven years in prison.

¶ 3      Hoid timely filed a Crim. P. 35(c) motion for postconviction relief. The motion primarily alleged that the police, prosecutor, and news media conspired to falsely accuse him of involvement in a homicide, and that he was discriminated against based on his diabetes. Hoid also raised the following claims related to his convictions and sentence:

- his interrogation in November 2020 was unlawful;

1

- his lawyer was ineffective for failing to file a motion to change venue;

- his lawyer coerced him into pleading guilty by threatening to initiate competency proceedings and by promising that the court would sentence him to probation or community corrections;

- his lawyer was ineffective for failing to present mitigating evidence of his diabetes at sentencing;

- his lawyer was ineffective for failing to file an appeal;

- his lawyer told him that if he was sentenced to prison, the lawyer would file a postconviction motion, but the lawyer failed to do so; and

- the sentencing judge was biased.

¶ 4    The district court denied Hoid's motion in a written order. The court concluded that most of Hoid's allegations did not give rise to claims cognizable under Rule 35(c), and the remainder were refuted by the record, were vague and conclusory, or, even if true, did not entitle him to relief.

2

## II.    The Crim. P. 35(c) Motion

¶ 5    Hoid contends that the district court erred by denying his Crim. P. 35(c) motion without a hearing.  We disagree.

### A.    Standard of Review

¶ 6    In a Crim. P. 35(c) proceeding, a judgment of conviction is presumed valid, and the defendant bears the burden of establishing an entitlement to postconviction relief.  *See People v. Corson*, 2016 CO 33, ¶ 25.  To obtain a hearing on his postconviction motion, the defendant must assert specific facts that, if true, would provide a basis for relief.  *White v. Denver Dist. Ct.*, 766 P.2d 632, 635 (Colo. 1988).  Thus, a district court may deny a Crim. P. 35(c) motion without a hearing if (1) the allegations are merely conclusory, vague, or lacking in detail; (2) the allegations, even if true, do not warrant relief; or (3) the record refutes the claims.  *See* Crim. P. 35(c)(3)(IV); *People v. Duran*, 2015 COA 141, ¶ 9.

¶ 7    We review the court's summary denial of a Crim. P. 35(c) motion de novo.  *People v. Cali*, 2020 CO 20, ¶ 14.

### B.    Analysis

¶ 8    On appeal, Hoid mostly reasserts his allegations of police and prosecutorial misconduct concerning a homicide investigation and

3

of discrimination based on his diabetes. We agree with the district court that these allegations do not support any cognizable claims that his guilty plea is unlawful.

¶ 9 But even his claims regarding his judgment of conviction are without merit.

¶ 10 To begin, any claim concerning conduct that occurred before his guilty plea is waived. A guilty plea generally "precludes review of issues that arose prior to the plea." *Neuhaus v. People*, 2012 CO 65, ¶ 8; *see also Tollett v. Henderson*, 411 U.S. 258, 267 (1973) (reaffirming the principle that "a guilty plea represents a break in the chain of events which has preceded it in the criminal process" so that a defendant "may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea"). In other words, a guilty plea "waives all non-jurisdictional errors in the defendant's conviction." *Neuhaus*, ¶ 8.

¶ 11 Therefore, by entering a guilty plea, Hoid waived his claims that (1) he was unlawfully detained and/or interrogated prior to the date of his plea; (2) his lawyer was ineffective for failing to move for

a change of venue; (3) his bond was unlawfully revoked; (4) "false certificates" were issued; and (5) there was insufficient evidence underlying his guilty plea. Because Hoid waived these claims, the district court properly denied them without a hearing. *See People v. Osorio*, 170 P.3d 796, 799 (Colo. App. 2007) (holding that a court may deny a motion without a hearing if "the motion, the files, and the record clearly establish that the defendant is not entitled to relief"); *see also Moody v. People*, 159 P.3d 611, 615 (Colo. 2007) (appellate court may affirm on any basis the record supports, even if that basis is different from the grounds on which the district court relied).

¶ 12    Hoid's claim that his lawyer coerced him into pleading guilty fails for a different reason. True, a "defendant may challenge his guilty plea on the grounds of ineffective assistance of counsel when that challenge goes to the issue of whether the plea was knowingly, voluntarily, and intelligently entered." *People v. Stovall*, 2012 COA 7M, ¶ 13; *see also People v. Isham*, 923 P.2d 190, 194 (Colo. App. 1995) ("A defendant can successfully attack a plea only if he can prove serious dereliction on the part of counsel sufficient to show

that his plea was not a knowing and intelligent act."). But the record directly refutes any allegation that Hoid's lawyer used threats or promises to coerce him into pleading guilty.

¶ 13    In signing the plea agreement, Hoid averred that he was "entering [his] guilty plea freely and voluntarily and not as a result of coercion or undue influence on the part of anyone." He specifically agreed that "[t]here ha[d] been no threats, force, or promises made to [him] to cause [him] to enter th[e] plea." Additionally, under Crim. P. 11, the court could not have accepted Hoid's guilty plea without first determining that he had been advised of all his rights, he understood the nature of the charges to which he was pleading guilty and there was a factual basis for the plea, the plea was "voluntary" and "not the result of undue influence or coercion," and he understood that the court would "not be bound by any representations made to the defendant by anyone concerning the penalty to be imposed . . . unless such representations [were] included in [the] formal plea agreement." Crim. P. 11(b)(1)-(6). Hoid did not properly designate the transcript of the plea hearing as part of the record on appeal, so we presume

6

the court engaged in the required colloquy and made findings that Hoid's guilty plea was knowing, intelligent, and voluntary. *See People v. Montgomery*, 2014 COA 166, ¶ 22 ("If an appellant does not designate as part of the record material portions of the proceedings, a reviewing court must assume that the omitted portions would support the judgment.").[1]

¶ 14 Hoid's allegations that his lawyer provided ineffective assistance after the plea are also unavailing. To demonstrate ineffective assistance of counsel, a defendant must show that (1) his lawyer's performance was deficient *and* (2) the deficient performance prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

¶ 15 Hoid argues that his lawyer was ineffective for failing to present evidence of his diabetes at sentencing and to file a direct

---

[1] Under C.A.R. 10, the appellant must file a designation of transcripts with the trial court and an advisory copy with the appellate court within seven days of the date of filing the notice of appeal. The designation must be on Form 8 and comply with the policies adopted by the appellate and trial courts for designating transcripts and for obtaining free transcripts.

appeal or a postconviction motion. But these claims are either too conclusory or fail for lack of prejudice.

¶ 16 Hoid does not explain why the fact that he has diabetes mitigated his conduct in using another person's credit card to buy items at Walmart or why the court would have imposed a lower sentence if it had known about his diabetes.[2] In any event, during the presentence investigation interview, Hoid did not say that his conduct was related to any medical condition; he told the interviewer that he was "high on meth."

¶ 17 As for the claim that his lawyer should have filed a direct appeal, Hoid did not sufficiently allege that he was entitled to file an appeal. Under section 18-1-409(1), C.R.S. 2024, a defendant who pleads guilty may not appeal his sentence if the sentence imposed "is within a range agreed upon by the parties pursuant to a plea

---

[2] The sentencing judge was the same judge who considered and denied Hoid's Crim. P. 35(c) motion. By denying the Rule 35(c) motion, the judge implicitly found that evidence of Hoid's diabetes would not have changed the outcome of the sentencing proceedings. *See, e.g.*, *Voytik v. United States*, 778 F.2d 1306, 1310 (8th Cir. 1985) (where district court judge had determined "that he would not have reduced [the defendant's] sentence" even if counsel had performed as the defendant wished, the defendant's ineffective assistance of counsel claim failed for lack of prejudice.).

agreement." Because the plea agreement left sentencing open, the sentence imposed in this case fell within the range agreed to by the parties. Nonetheless, in this appeal, Hoid repeatedly claims that his sentences are unlawful, so if he asked his lawyer to raise that argument on direct appeal, his lawyer was not deficient for failing to do so. And Hoid did not allege that he had some basis to appeal his conviction. *See Laycock v. State*, 880 F.2d 1184, 1188 (10th Cir. 1989) ("Normally, when a defendant pleads guilty, he has foreclosed his right to appeal.") Accordingly, Hoid's allegations are too vague to state a claim for ineffective assistance of counsel related to a direct appeal.

¶ 18    Hoid cannot show any prejudice from his lawyer's failure to file a Rule 35(c) motion because, first, there is no Sixth Amendment right to counsel in postconviction proceedings, *see People v. Breaman*, 939 P.2d 1348, 1350 (Colo. 1997), and second, Hoid filed a timely Rule 35(c) motion, and he does not allege that his lawyer would have raised different, meritorious claims.

¶ 19    Finally, we reject Hoid's conclusory claim that the sentencing judge was biased. A defendant asserting bias on the part of a

district court judge must establish that the judge "had a substantial bent of mind against him." *People v. Jennings*, 2021 COA 112, ¶ 28 (citation omitted). "The record must establish such bias clearly; mere speculative statements and conclusions are not enough." *Id.* In his motion, Hoid alleged that the sentencing court's statements at the hearing and its imposition of an aggravated sentence demonstrated actual bias. But we do not have a transcript of the sentencing hearing, so we must assume that the court did not evince a "substantial bent of mind" against Hoid or rely on improper factors in fashioning the sentence. *See Montgomery*, ¶ 22. And adverse rulings alone — including imposition of an aggravated sentence — are insufficient to establish actual bias. *See Bocian v. Owners Ins. Co.*, 2020 COA 98, ¶ 57.

## III. Disposition

The order is affirmed.

JUDGE YUN and JUDGE KUHN concur.

10