22CA1176 Peo v Morrison 02-06-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 22CA1176
Jefferson County District Court No. 09CR2494
Honorable Laura A. Tighe, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Adrian Devon Morrison,

Defendant-Appellant.

ORDER AFFIRMED

Division I
Opinion by JUDGE BROWN
J. Jones and Yun, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced February 6, 2025

Philip J. Weiser, Attorney General, Carmen Moraleda, Senior Assistant
Attorney General, Denver, Colorado, for Plaintiff-Appellee

Megan A. Ring, Colorado State Public Defender, Kamela Maktabi, Deputy State
Public Defender, Denver, Colorado, for Defendant-Appellant

¶ 1     Adrian Devon Morrison appeals the postconviction court's order denying his Crim. P. 35(c) claim of ineffective assistance of postconviction counsel. We affirm.

## I.     Background

¶ 2     A jury found Morrison guilty of solicitation for prostitution, theft, use of a controlled substance, and conspiracy to possess a controlled substance, but could not reach verdicts on two counts of first degree murder and one count of aggravated robbery. Morrison subsequently pleaded guilty to aggravated robbery and one count of second degree murder in exchange for dismissal of the first degree murder charges. The district court sentenced him to the custody of the Department of Corrections (DOC) for an aggregate term of fifty-two years. Morrison appealed his sentence, and a division of this court affirmed. *See People v. Morrison,* (Colo. App. No. 11CA0110, June 28, 2012) (not published pursuant to C.A.R. 35(f)).

¶ 3     In 2015, Morrison filed a pro se Crim. P. 35(c) motion (the 2015 motion) claiming, as relevant here, that one of his trial attorneys had provided ineffective assistance by representing that he had negotiated a sentence of no more than thirty years in DOC custody. The postconviction court found that this claim had

potential merit and, at Morrison's request, appointed postconviction counsel — Lisa Polansky. About six months after entering her appearance, Polansky filed a status report indicating that (1) in her opinion, based on investigation and research, "there was not an unfulfilled sentencing agreement or other enforceable promise of a sentence of not more than thirty years"; and (2) Morrison does not "wish to pursue a motion to set aside his plea or request a new trial on this particular ground." The postconviction court then dismissed the 2015 motion as "moot."

¶ 4    Morrison subsequently sought a ruling on the 2015 motion and filed additional postconviction motions as described in *People v. Morrison*, slip op. at ¶¶ 9-12 (Colo. App. No. 19CA0554, Dec. 17, 2020) (not published pursuant to C.A.R. 35(e)) (*Morrison II*). As relevant here, Morrison filed a Crim. P. 35(c) motion in 2019 (the 2019 motion) claiming that Polansky had provided ineffective assistance as postconviction counsel by effectively withdrawing the 2015 motion without his consent. The postconviction court denied the 2019 motion in a written order, without appointing counsel. In *Morrison II*, a division of this court reversed the order to the extent it denied the claim of ineffective assistance of postconviction counsel

and remanded for further proceedings to determine whether Morrison had (1) alleged facts establishing justifiable excuse or excusable neglect for filing the 2019 motion more than three years after his conviction became final and (2) consented to the withdrawal of his 2015 sentencing claim. *Id.* at ¶ 36 & n.2.

¶ 5    The postconviction court held an evidentiary hearing where the parties stipulated that (1) the prosecution did not offer Morrison a thirty-year sentencing cap; (2) Morrison told the sentencing judge that he had not received any promises; and (3) the plea paperwork did not include a thirty-year cap. The court heard testimony from Morrison, Polansky, Morrison's two trial attorneys, and a district attorney who prosecuted the case. It later issued an order finding that Morrison had demonstrated justifiable excuse and excusable neglect for filing the 2019 motion late but denying postconviction relief because he had failed to establish a factual basis for his ineffective assistance of postconviction counsel claim. Specifically, the court found that "Morrison had notice of, understood, and gave consent to [Polansky's withdrawal of the 2015 motion] due to the motion lacking merit."

## II.    Discussion

¶ 6    Morrison contends that the record does not support the postconviction court's order.  We disagree.

### A.    Standard of Review and Applicable Law

¶ 7    In a Crim. P. 35(c) proceeding, we presume the validity of a conviction, and the defendant bears the burden of proving, by a preponderance of the evidence, that he is entitled to postconviction relief.  *Dunlap v. People*, 173 P.3d 1054, 1061 (Colo. 2007).  When a district court's ruling follows an evidentiary hearing, we review the denial of a Crim. P. 35(c) motion as a mixed question of fact and law.  *People v. Corson*, 2016 CO 33, ¶ 25.

¶ 8    We defer to the court's assessment of the weight and credibility of witness testimony.  *Dunlap*, 173 P.3d at 1061-62; *see also Kailey v. Colo. State Dep't of Corr.*, 807 P.2d 563, 567 (Colo. 1991) ("It is . . . the province of the court, as the trier of fact, to determine the credibility of the witnesses and the weight to be given their testimony.").  And we defer to the court's resolution of factual disputes unless "they are so clearly erroneous as to find no support in the record." *People v. Beauvais*, 2017 CO 34, ¶ 22; *see People v.*

*Giem*, 2015 COA 176, ¶ 12.  But we review de novo the court's ultimate legal conclusions.  *Dunlap*, 173 P.3d at 1063.

¶ 9    To establish ineffective assistance of counsel, a defendant must satisfy the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  First, the defendant must show that counsel's acts or omissions fell outside the wide range of professionally competent assistance.  *Id.* at 687-89.  Second, the defendant must show prejudice from counsel's deficient performance, such that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  *Id.* at 694.

## B.    Application

¶ 10    The postconviction court found that Polansky had credibly testified to the following:

- She reviewed the record and the plea colloquy, hired an investigator, and interviewed both of Morrison's trial attorneys.

- She found no support for Morrison's claim that he had been promised a thirty-year sentence.

- She sent Morrison a letter explaining why his claim lacked merit and advising him not to proceed.

- She later spoke to Morrison about the claim on the phone, for approximately fifteen minutes. Morrison understood her advice and was disappointed, but he consented to withdraw the sentencing claim.

- Polansky filed the status report effectively withdrawing Morrison's 2015 motion after receiving his consent.

¶ 11 We defer to the postconviction court's finding that this testimony was credible. *See Dunlap,* 173 P.3d at 1061-62. And we accept its findings that Morrison understood the rationale for withdrawing his sentencing claim and consented to withdraw the claim because these findings have record support. *See Beauvais,* ¶ 22. Both Polansky's testimony (as described above by the court) and her letter to Morrison (an exhibit admitted at the hearing) support the court's findings. We note that in the letter, Polansky (1) "strongly urge[d]" Morrison not to proceed because his claim was highly unlikely to succeed and because even if it did succeed, he would be risking life in prison without the possibility of parole; and

6

(2) communicated that she did not "see any other grounds" for relief under Crim. P. 35(c).

¶ 12     We are not persuaded by Morrison's argument that the record does not adequately demonstrate his informed consent because he testified to the contrary.  First, the postconviction court found Morrison's testimony to be not credible, and we defer to that finding.  *See Dunlap*, 173 P.3d at 1061-62.  And second, it is for the postconviction court — not us — to resolve factual disputes.  *See Giem*, ¶ 12.

¶ 13     We are also not persuaded by Morrison's apparent assertion that *Dooly v. People*, 2013 CO 34, places a burden on the prosecution to clearly show that Morrison's decision was based on an awareness and actual understanding of the risks of withdrawing the postconviction motion, any available alternatives, and all other facts essential to a broad understanding of the whole matter.  *See id.* at ¶ 10 (holding that "a district court is not authorized to grant an attorney's motion to dismiss his client's [entire] application for postconviction relief *without his client's informed consent*") (emphasis added); *Morrison II,* ¶ 30.  *But see People v. Smith,* 2024 CO 3, ¶ 30 (holding that postconviction counsel need not obtain a

defendant's approval to abandon *some* postconviction claims). Because the record supports the postconviction court's finding that Morrison consented, we need not decide whether the circumstances of this case are more akin to those in *Dooly* or in *Smith.*

¶ 14    For these reasons, we conclude that Morrison failed to establish that Polansky's performance was deficient under *Strickland.*

## III.    Disposition

¶ 15    The order is affirmed.

JUDGE J. JONES and JUDGE YUN concur.