The **PEOPLE** of the State of Colorado, Plaintiff-Appellee,

v.

Sammy **NARANJO**, Defendant-Appellant.

No. 85CA1184.

Colorado Court of Appeals, Div. I.

Feb. 12, 1987.

Rehearing Denied March 26, 1987.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Curt P. Kriksciun, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Sammy Naranjo, pro se.

CRISWELL, Judge.

Defendant, Sammy Naranjo, proceeding pro se, appeals an order of the trial court denying his motion for postconviction relief under Crim.P. 35(c). Because the trial court failed to appoint counsel for defendant or to hold a hearing on his motion, we vacate its order and remand for further proceedings.

In his original trial and appeal, defendant was represented by the public defender. The record reflects that, since that time, defendant has been continuously incarcerated. No suggestion has been made that he is no longer indigent and we assume, therefore, at the time he filed each of his Crim.P. 35 motions, his financial status was such as to allow the public defender to be appointed to represent him.

In his motion for postconviction relief, defendant alleged that: (1) his confession should have been suppressed because it was obtained in violation of his Sixth Amendment rights; (2) because of his difficulty in comprehending English, his due process rights to confrontation and effective assistance of counsel were denied; (3) in light of his expressed desire to testify, the trial court erred in failing to obtain his knowing and intelligent waiver of his right to do so; (4) he did not receive the effective assistance of counsel on appeal; and (5) the jury instructions contained various errors.

In addition to supporting his claims with citations to the record, defendant proposed in his motion to present evidence de novo on two of these issues—his inability to understand or use English and his desire and efforts to testify at the suppression hearing and at trial. Defendant requested an evidentiary hearing on his motion in order to present such evidence. He also requested that counsel be appointed to represent him in the Crim.P. 35(c) proceedings.

The trial court refused to appoint counsel for defendant or to schedule a hearing on his motion. In denying defendant's motion, the trial court observed that most of the issues he raised had previously been passed upon either by the trial court or on appeal. The trial court then adopted ultimate findings of fact which determined that none of defendant's claims were factually supported. These findings were, presumably, based solely upon the record of defendant's trial with no consideration being given to any evidence outside the record.

Despite the trial court's observations, the only issues raised by the present Crim.P. 35(c) motion which the record before us shows were previously raised, either at trial or on appeal, concern the admissibility of defendant's confession and some of the jury instructions. While defendant had filed a previous pro se Crim.P. 35(c) motion in 1982, that motion had been limited to attacking the validity of his sentence, an issue not raised in the present motion.

On appeal, defendant first claims that, since several of the issues he raised were to be supported by evidence outside the record, the trial court improperly denied him an evidentiary hearing on his motion. We agree, although our conclusion in this respect is based primarily on the fact that defendant was not provided with appointed counsel in pressing his first Crim.P. 35(c) motion.

The People argue that the trial court's summary dismissal of defendant's motion

without a hearing was proper. While the trial court's order made no mention of the subject, the People contend that, because defendant failed to present any of the issues raised in the instant motion in his 1982 Crim.P. 35(c) motion, he is precluded under the rule established in *People v. Hubbard,* 184 Colo. 243, 519 P.2d 945 (1974), from now raising them.

On the facts of this case, the People's reliance on *Hubbard* is misplaced. Indeed, the *Hubbard* opinion underscores the necessity for the appointment of counsel for defendant here.

*Hubbard* stands for the proposition that the summary dismissal of subsequent motions for postconviction review which assert new grounds for relief is proper, unless failure to include such grounds in the earlier motion is legally excusable. This holding, however, was premised on the extension of the Sixth Amendment's right to counsel to postconviction proceedings, a right afforded by statute in Colorado. *See* §§ 21–1–103 and 21–1–104, C.R.S. (1986 Repl. Vol. 8B) (public defender must be appointed to represent each indigent person charged with a felony, both before and after conviction).

■ As the court noted in *Hubbard,* the assistance of counsel in postconviction proceedings makes it possible for the defendant to receive, in a single such proceeding, a "full review of all issues pertaining to possible violations of his constitutional rights." When such assistance is provided in an initial proceeding, subsequent postconviction proceedings can be foreclosed, unless a defendant shows that failure to assert a ground for relief in his first motion was excusable. *Hubbard* does not suggest, however, that, absent assistance of counsel in the initial proceedings, a lay defendant can automatically be foreclosed from asserting additional issues in later motions.

■ Here, defendant has, on at least two occasions, asked the district court for, but has been denied, the appointment of counsel to represent him in postconviction review proceedings. He did so when he filed his first Crim.P. 35(c) motion in 1982, and

again when he filed the present motion. In denying the defendant's most recent request for counsel, the court, relying upon *Ross v. Moffitt,* 417 U.S. 600, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974), simply observed that defendant has no due process right to legal counsel for continued discretionary appeals under either the United States or Colorado Constitutions. While that conclusion may be sound, it disregards the statutes relied upon by the supreme court in *Hubbard, supra.*

Although defendant may have no constitutional right to representation by counsel in pressing for postconviction relief, he is entitled by the above-cited statutes to such representation unless the public defender concludes that the issues raised by the defendant have no "arguable merit." *See* § 21–1–104, C.R.S. (1986 Repl.Vol. 8B).

■ Therefore, since defendant did not have legal representation during the course of his first Crim.P. 35(c) proceedings, he is not necessarily precluded from relying upon other grounds for relief in his present motion. And, he has a statutory right to have the assistance of the public defender in pressing his present motion. Thus, the matter must be remanded to the trial court for the appointment of counsel.

Further, if counsel appointed to represent defendant on remand determines that defendant's motion has arguable merit, and the court concludes that evidence outside the record is available in support of some, or all, of its allegations, defendant will also be entitled to an evidentiary hearing. *See People v. Wimer,* 681 P.2d 967 (Colo.App. 1983); *Roberts v. People,* 158 Colo. 76, 404 P.2d 848 (1965).

The trial court's order is vacated and the cause is remanded to it with directions that counsel be appointed for defendant, and that the court conduct such other proceedings as may be appropriate under the circumstances.

PIERCE and TURSI, JJ., concur.