The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Gilbert A. DURAN,
Defendant–Appellant.

No. 85CA1504.

Colorado Court of Appeals,
Div. I.

March 3, 1988.

Rehearing Denied April 7, 1988.

Certiorari Denied July 11, 1988.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Curt P. Krikscium, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, State Public Defender, Peggy O'Leary, Deputy State Public Defender, Denver, for defendant-appellant.

BABCOCK, Judge.

Defendant, Gilbert A. Duran, was convicted of three counts of aggravated robbery in 1975. In 1980, defendant filed a *pro se* motion for postconviction relief pursuant to Crim.P. 35(c), alleging that he had not received effective assistance of counsel at trial. Defendant appeals the trial court's denial of that motion, and we remand with directions.

I.

Defendant contends that it was plain error for the trial court to require him to proceed *pro se* at the Crim.P. 35(c) hearing without a valid waiver of his right to counsel.

Defendant was informed by the public defender's office, which had represented him at trial, that it could not represent him on the ineffective assistance claim because of an apparent ethical conflict. Defendant appeared at the Crim.P. 35 hearing without an attorney, and the following exchange occurred:

"THE COURT: You are appearing today without an attorney, I see. I guess you wish to proceed without one?

"THE DEFENDANT: Well, at this particular time I don't have the necessary funds to hire an attorney.

"THE COURT: Well, of course, you have never asked the Court to appoint you one or—did you contact a Public Defender to see if he would represent you?

"THE DEFENDANT: I have spoken with him on different occasions about this matter here, and he has informed me that it would be a conflict with his office to represent me on this matter.

"THE COURT: You didn't bring that to the attention of the Court either, did you?

"THE DEFENDANT: Not in this courtroom. In another courtroom I have.

"THE COURT: Not in this case?

"THE DEFENDANT: Part of this case.

"THE COURT: I have just examined the file, and I don't see anything in here where you have requested to have an attorney appointed nor that you have contacted the Public Defender, or there is just no indication at all.

"You have filed it *pro se*, and I assumed that you were going to proceed *pro se* without an attorney. So we will proceed."

■ There is no Sixth Amendment right to counsel in a Crim.P. 35 hearing. *See Pennsylvania v. Finley,* —— U.S. ——, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987). Nor does a right to counsel exist in Crim.P. 35 proceedings under Colo. Const. Art. II, § 16. *See People v. Naranjo,* 738 P.2d 407 (Colo.App.1987).

However, a limited statutory right to counsel exists in such proceedings. *See* §§ 21–1–103(1) and 21–1–104, C.R.S. (1986 Repl. Vol. 8B); *People v. Naranjo, supra.* Section 21–1–103(1) provides that the state public defender shall represent indigent defendants who either request or, on a court's order therefore, do not reject such representation. Section 21–1–104(1)(b) further provides that the public defender shall "prosecute any ... remedies ... after conviction that he considers to be in the interest of justice." However, under § 21–1–104(2), the public defender is not required to pursue such remedies unless he is "satisfied first that there is arguable merit to the proceeding."

■ Because defendant's right to counsel in this Crim.P. 35 proceeding is statutory and not constitutional, its waiver must be voluntary but need not be knowing and intelligent. *Schneckloth v. Bustamonte,* 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973); *People v. Allen,* 744 P.2d 73 (Colo. 1987); *People v. Moody,* 676 P.2d 691 (Colo. 1984). Whether there was a voluntary waiver is a question of fact to be determined by the trial court. *See People v. DeBaca,* 736 P.2d 25 (Colo.1987); *People v. Fish,* 660 P.2d 505 (Colo.1983).

■ Here, the trial court's findings on the record now before use are inadequate to determine whether defendant voluntarily waived his statutory right to counsel in this Crim.P. 35 proceeding. Hence, this case must be remanded for the entry of findings of fact and conclusions of law based on the record made, or in the trial court's discretion, upon further hearing, whether defendant voluntarily waived his statutory right to counsel.

■ If the trial court finds the waiver to be involuntary, then plain error occurred, *see Wilson v. People,* 743 P.2d 415 (Colo. 1987), and defendant is entitled to a new hearing on his Crim.P. 35 motion. In this event, the trial court shall determine defendant's eligibility for court-appointed counsel and whether he desires court-appointed counsel. If so, court-appointed counsel shall determine whether to proceed according to the standards set forth in § 21–1–104(1)(b) and (2), C.R.S. (1986 Repl. Vol. 8B), and shall advise the trial court accordingly.

II.

Defendant's primary contention on appeal remains whether the trial court erred in denying his Crim.P. 35 motion alleging ineffective assistance of counsel at trial. Because the trial court may find and conclude that defendant voluntarily waived his statutory right to counsel at the Crim. P. 35 hearing, we address the merits of this contention.

In a Crim.P. 35 proceeding, the burden rests on defendant to show that (1) counsel's performance was deficient and (2) counsel's deficient performance prejudiced his defense. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *People v. Tackett,* 742 P.2d 957 (Colo.App.1987). Here, the trial court's findings, supported by the record now before us, are adequate to conclude that defendant failed to meet his burden of showing that his counsel's performance was deficient. Hence, we do not address the second prong of the *Strickland* test.

Accordingly, if on remand the trial court finds and concludes that defendant voluntarily waived his statutory right to counsel at his Crim.P. 35 hearing, the order is affirmed. If, however, the trial court finds no voluntary waiver of this right, the order is reversed and the matter is remanded for new hearing in accordance with the views expressed in Part I.

The cause is remanded for further proceedings as set out herein.

PIERCE and METZGER, JJ., concur.