The summaries of the Colorado Court of Appeals published opinions
constitute no part of the opinion of the division but have been prepared by
the division for the convenience of the reader.  The summaries may not be
cited or relied upon as they are not the official language of the division.
Any discrepancy between the language in the summary and in the opinion
should be resolved in favor of the language in the opinion.

SUMMARY
December 13, 2018

**2018COA175**

**No. 17CA0280, *People v. Taylor* — Criminal Procedure —
Postconviction Remedies — Successive Postconviction
Proceedings**

A division of the court of appeals holds that Crim. P.

35(c)(3)(VII) supersedes the rule stated in *People v. Naranjo*, 738

P.2d 407, 409 (Colo. App. 1987), that a defendant can file a second

Crim. P. 35(c) motion raising new postconviction claims if the

defendant filed an initial Crim. P. 35(c) motion pro se.

COLORADO COURT OF APPEALS                                   **2018COA175**

Court of Appeals No. 17CA0280
Arapahoe County District Court No. 05CR1909
Honorable Charles M. Pratt, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Christopher Joseph Taylor,

Defendant-Appellant.

ORDER AFFIRMED

Division III
Opinion by JUDGE WEBB
Harris and Welling, JJ., concur

Announced December 13, 2018

Cynthia H. Coffman, Attorney General, John T. Lee, Senior Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

Lisa A. Polansky Attorney at Law, LLC, Lisa A. Polansky, Boulder, Colorado, for Defendant-Appellant

¶ 1     This case is about two bites at the proverbial apple.

Defendant, Christopher Joseph Taylor, appeals the postconviction

court's order denying his second Crim. P. 35(c) motion.  We affirm

because the motion was successive.  Answering an undecided

question, we hold that Crim. P. 35(c)(3)(VII) supersedes the rule

stated in *People v. Naranjo*, 738 P.2d 407, 409 (Colo. App. 1987),

that a defendant can file a second Crim. P. 35(c) motion raising new

postconviction claims if the defendant filed an initial Crim. P. 35(c)

motion pro se.

## I.  Background

¶ 2     A jury found defendant guilty of first degree murder,

attempted first degree murder, and assault.  On direct appeal, a

division of this court affirmed the judgment of conviction.  *See*

*People v. Taylor*, (Colo. App. No. 06CA2614, Sept. 9, 2010) (not

published pursuant to C.A.R. 35(f)) (*Taylor I*).

¶ 3     Defendant moved for transcripts at state expense to prepare a

Crim. P. 35(c) motion.  The postconviction court denied the motion.

¶ 4     A few months later, defendant filed a pro se Crim. P. 35(c)

motion raising seven claims, most of them asserting that his trial

1

counsel had provided ineffective assistance. He also requested the appointment of postconviction counsel.

¶ 5     The postconviction court summarily denied defendant's Crim. P. 35(c) motion and his request for the appointment of postconviction counsel. A division of this court affirmed. *See People v. Taylor*, (Colo. App. No. 12CA1984, Jan. 16, 2014) (not published pursuant to C.A.R. 35(f)) (*Taylor II*). The opinion does not indicate that defendant appealed the denial of his motion for transcripts at state expense.

¶ 6     Defendant then filed a second pro se Crim. P. 35(c) motion, which he amended. He renewed some of the claims from his first Crim. P. 35(c) motion and raised new claims. This time, the postconviction court appointed counsel, who filed a supplemental motion. The prosecution responded, arguing in part that the new claims in the second motion were barred as successive.

¶ 7     The postconviction court issued a written order denying the second Crim. P. 35(c) motion without a hearing. The court first held that the claims from defendant's first Crim. P. 35(c) motion were barred as successive under Crim. P. 35(c)(3)(VI). But the court did not bar defendant's new claims as successive. Instead, the

court explained that it was "not convinced" that Crim. P. 35(c)(3)(VII) supersedes prior case law holding that a defendant can raise new postconviction claims in a second Crim. P. 35(c) motion if the first Crim. P. 35(c) motion was filed pro se. The court denied the new claims on the merits.

## II. Standard of Review

¶ 8 We review de novo. *See People v. Lopez*, 2015 COA 45, ¶ 68 (an appellate court reviews de novo a postconviction court's denial of a Crim. P. 35(c) motion without a hearing); *People v. Bonan*, 2014 COA 156, ¶ 26 (an appellate court reviews de novo whether a Crim. P. 35(c) motion is properly denied as successive). And we may affirm a district court's ruling for any reason supported by the record. *People v. Heisler*, 2017 COA 58, ¶ 44.

## III. Crim. P. 35(c)(3)(VI)

¶ 9 Starting with the claims in defendant's second Crim. P. 35(c) motion that he had raised in his first Crim. P. 35(c) motion, defendant argues that the claims are not barred as successive under Crim. P. 35(c)(3)(VI) because they were not "raised and resolved" in the proceedings on the first Crim. P. 35(c) motion. *See* Crim. P. 35(c)(3)(VI) ("The court shall deny any claim that was

raised and resolved in a prior appeal or postconviction proceeding on behalf of the same defendant."). He emphasizes that in preparing and filing his first Crim. P. 35(c) motion, he was not represented by counsel and did not have access to the trial transcripts.

¶ 10 But defendant does not cite, nor are we aware of, any authority holding that a defendant does not "raise" a claim within the meaning of Crim. P. 35(c)(3)(VI) merely because the defendant is pro se or lacks access to trial transcripts. To "raise" a claim means "to bring [it] up for consideration." Webster's Third New International Dictionary 1877 (2002); *see also* Black's Law Dictionary 1449 (10th ed. 2014) ("[t]o bring [it] up for discussion or consideration; to introduce or put forward"). Defendant's first Crim. P. 35(c) motion addressed seven claims in twenty-two pages of argument supported by twenty-six pages of exhibits. So, we conclude that he "raised" those claims in his first Crim. P. 35(c) motion within the meaning of Crim. P. 35(c)(3)(VI).

¶ 11 And we further conclude that the claims were "resolved" within the meaning of Crim. P. 35(c)(3)(VI). After all, the postconviction

court denied the first Crim. P. 35(c) motion in a written order and a division of this court affirmed. *See Taylor II.*

¶ 12    For these reasons, we discern no error in the postconviction court's ruling that the renewed claims in the second Crim. P. 35(c) motion are barred as successive under Crim. P. 35(c)(3)(VI). But whether defendant's new claims were equally successive presents a closer question.

## IV. Crim. P. 35(c)(3)(VII)

¶ 13    Addressing the new postconviction claims in the second Crim. P. 35(c) motion, the Attorney General argues that these claims are barred as successive under Crim. P. 35(c)(3)(VII). Defendant responds that the claims are not because Crim. P. 35(c)(3)(VII) — which was added to Crim. P. 35 in 2004 — did not supersede prior case law holding that a defendant can raise new postconviction claims in a second Crim. P. 35(c) motion if the first Crim. P. 35(c) motion was filed pro se. *See, e.g., People v. Hubbard*, 184 Colo. 243, 248, 519 P.2d 945, 948 (1974); *Naranjo*, 738 P.2d at 409. We conclude that these cases have been superseded by Crim. P. 35(c)(3)(VII).

¶ 14    In *Hubbard*, the supreme court held that "all allegations relating to the violation of a defendant's constitutional rights should be included in a single Crim. P. 35(b) motion." *Id.* at 249, 519 P.2d at 948.  But the supreme court premised that holding on a defendant being represented by postconviction counsel.  It explained that "without the assistance of counsel, a convicted defendant would be hard-pressed to assemble into a single Crim. P. 35(b) motion all of the legal arguments which might result in post-conviction relief." *Id.* at 248, 519 P.2d at 948.

¶ 15    In *Naranjo*, a division of this court applied *Hubbard* and held that if a defendant is *not* represented by counsel when the defendant files a first Crim. P. 35(c) motion, the defendant may file a second Crim. P. 35(c) motion raising new postconviction claims. *See* 738 P.2d at 409.

¶ 16    Importantly, when *Hubbard* and *Naranjo* were decided, the provision in Crim. P. 35 barring successive postconviction claims provided as follows: "The court need not entertain a second motion or successive motions for similar relief *based upon the same or similar allegations* on behalf of the same prisoner." Crim. P. 35(c)(3) (1987) (emphasis added); Crim. P. 35(b)(2) (1974) (emphasis added).

6

Thus, Crim. P. 35(c) barred only claims that had already been raised in a prior Crim. P. 35(c) motion. It did not bar new postconviction claims raised for the first time in a second or subsequent Crim. P. 35(c) motion. Further, the language was permissive: a court "need not" entertain a successive postconviction motion. Crim. P. 35(c)(3) (1987); Crim. P. 35(b)(2) (1974).

¶ 17 In 2004, the supreme court added Crim. P. 35(c)(3)(VII), which differs from the old rule in two ways. First, this provision now bars postconviction claims that "could have been presented in an appeal previously brought or postconviction proceeding previously brought." Crim. P. 35(c)(3)(VII). Second, the new language is mandatory rather than permissive: a postconviction court "shall" deny any such new postconviction claims. Crim. P. 35(c)(3)(VII); *see Willhite v. Rodriguez-Cera*, 2012 CO 29, ¶ 17 ("The word 'shall' connotes a mandatory requirement.").

¶ 18 Crim. P. 35(c)(3)(VII) lists five exceptions to the general rule barring new postconviction claims raised in a second or subsequent Crim. P. 35(c) motion. But defendant does not argue that any of those five enumerated exceptions applies. Rather, he merely

7

repeats that the rule from *Hubbard* and *Naranjo* remains in full force.

¶ 19　This argument falls short because Crim. P. 35(c)(3)(VII) does not include an exception codifying *Naranjo*. If the supreme court had intended to preserve the rule from *Naranjo* when it adopted Crim. P. 35(c)(3)(VII), it could have specifically accounted for a defendant who filed the first Crim. P. 35(c) motion pro se. Because it did not do so, we treat that omission as intentional. *See Cain v. People*, 2014 CO 49, ¶ 13 ("Under the rule of interpretation *expressio unius exclusio alterius*, the inclusion of certain items implies the exclusion of others.") (citation omitted); *In re Marriage of Chalat*, 112 P.3d 47, 57 (Colo. 2005) ("[W]e must presume that the General Assembly, having chosen to speak with such exactitude, did not intend any implied exceptions."); *see also People v. Steen*, 2014 CO 9, ¶ 10 ("We employ the same interpretive rules applicable to statutory construction to construe a rule of criminal procedure.").

¶ 20　Crim. P. 35(c)(3)(VII) has been in effect throughout this case. Thus, when defendant filed his first Crim. P. 35(c) motion, he was on notice that he needed to include all of his postconviction claims in that Crim. P. 35(c) motion. *See Adams v. Sagee*, 2017 COA 133,

¶ 12 ("[T]he state may require pro se defendants in criminal cases to adhere to procedural rules, though their cases often implicate constitutional rights."); *cf. People v. McPherson*, 53 P.3d 679, 682 (Colo. App. 2001) (A "defendant's indigence, ignorance of the law, and lack of legal counsel do not amount to justifiable excuse or excusable neglect for an untimely filed collateral attack.").

¶ 21     For these reasons, we reject defendant's argument that being pro se when he filed his first Crim. P. 35(c) motion is an exception to the rule barring a second Crim. P. 35(c) motion raising new postconviction claims.

¶ 22     Defendant also argues that he should have been allowed to file a second Crim. P. 35(c) motion raising new claims because, when he filed his first Crim. P. 35(c) motion, he did not have access to the trial transcripts. The postconviction court did not address that argument.

¶ 23     Defendant does not explain how lack of access to the transcripts prevented him from raising all of his postconviction claims in his first Crim. P. 35(c) motion. Recall, in his first Crim. P. 35(c) motion, defendant was able to raise seven claims spanning twenty-two pages without access to transcripts. The lack of

transcripts is not an enumerated exception under Crim. P. 35(c)(3)(VII), nor is access to the trial transcript a constitutional right. *See Jurgevich v. Dist. Court*, 907 P.2d 565, 567 (Colo. 1995) (stating that "[a] defendant does not have a constitutional right to a free transcript to search for errors to raise in a collateral attack"). And the federal circuits have held that lack of access to transcript is not a basis for equitable tolling. *See Lloyd v. Van Natta*, 296 F.3d 630, 634 (7th Cir. 2002) ("[T]he other circuits to consider this issue have held that the unavailability of a transcript does not allow equitable tolling to excuse an otherwise untimely [habeas] petition. We find these cases persuasive, and we join our sister circuits in holding that equitable tolling does not excuse [petitioner's] late filing simply because he was unable to obtain a complete trial transcript before he filed his [habeas] petition.") (citations omitted).

¶ 24 In the end, we decline defendant's invitation to read into the rule exceptions that it does not contain. As written, Crim. P. 35(c)(3)(VII) bars defendant's new postconviction claims raised for the first time in his second Crim. P. 35(c) motion.

## V. Conclusion

¶ 25 The order is affirmed.

10

JUDGE HARRIS and JUDGE WELLING concur.