**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 13, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

TERRY GAY,

          Petitioner - Appellant,

v.

SHAWN FOSTER, Warden;
CYNTHIA H. COFFMAN, Attorney
General of the State of Colorado,

          Respondents - Appellees.

No. 18-1423
(D.C. No. 1:16-CV-02415-LTB)
(D. Colo.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **BRISCOE**, **HOLMES**, and **MATHESON**, Circuit Judges.

A Colorado jury convicted Terry Gay of first-degree murder. After

unsuccessful state-court proceedings, Mr. Gay petitioned the federal district court

for a writ of habeas corpus under 28 U.S.C. § 2254. The district court denied that

petition. It also denied Mr. Gay a certificate of appealability ("COA"). Mr. Gay,

proceeding pro se, now asks this court for a COA and for leave to proceed *in*

---

[*] This order is not binding precedent, except under the doctrines of law
of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and
Tenth Circuit Rule 32.1.

*forma pauperis*.[1]  Exercising jurisdiction under 28 U.S.C. § 1291, we deny both

requests for the reasons that follow.

# I

In 2005, Mr. Gay attended a party in Jefferson County, Colorado, at which

a partygoer was shot and killed.  Mr. Gay was charged with the murder.  In

advance of trial, the state moved to introduce evidence that Mr. Gay had shot

someone else in Denver a week before the party, and the court admitted that

evidence.  The trial court also admitted testimony by a detective that witnesses

often fail to testify at trial to the same facts that they had given in statements to

the police.  From this and other evidence, the jury returned a guilty verdict.

After an unsuccessful direct appeal and state postconviction motion, Mr.

Gay petitioned for a writ of habeas corpus in federal court.  That petition raised

nine claims.  *See* R., Vol. I, at 16–35 (Habeas Pet., filed Sept. 26, 2016).  The

district court denied relief on all nine claims.  In one order, the court dismissed

claims four through eight "as procedurally defaulted in state court and barred from

federal habeas review."  *Id.*, Vol. II, at 22 (Order for Answer in Part, Dismissal in

---

[1]  Because Mr. Gay appeared pro se before the district court and does the same on appeal, we liberally construe all his filings.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).  Even so, Mr. Gay "must comply with the same rules of procedure as other litigants."  *Requena v. Roberts*, 893 F.3d 1195, 1205 (10th Cir. 2018), *cert. denied*, 139 S. Ct. 800 (2019).  Similarly, it is not "our role . . . to act as his advocate."  *Gallagher v. Shelton*, 587 F.3d 1063, 1067 (10th Cir. 2009).

Part, and State Ct. R., filed Oct. 27, 2017).  In the same order, the court "dismiss[ed] Claim Nine as not cognizable in a federal habeas action."  *Id.* at 8. But because Mr. Gay had properly exhausted claims one through three, the district court ordered more briefing on those claims.  After that briefing, the court issued a second order dismissing claims one through three on the merits.  *See id.*, Vol. III, at 53 (Order on Appl. for Writ of Habeas Corpus, filed Sept. 18, 2018).  The next day the district court entered final judgment, denying Mr. Gay's habeas petition and dismissing the action with prejudice.  *See id.* at 5–6 (Final J., filed Sept. 19, 2018).  The court also denied Mr. Gay a COA and certified that "any appeal from this Order is not taken in good faith."  *Id.* at 5.

Mr. Gay now seeks a COA from this court to appeal from the district court's final judgment dismissing his habeas petition.  He proposes four questions for our review.  *See* Aplt.'s Opening Br. at 3(a)–(u).[2]  He also moves for leave to proceed *in forma pauperis*.

## II

A COA is a jurisdictional prerequisite to our adjudication of the merits of a § 2254 appeal.  *See* 28 U.S.C. § 2253(c)(1)(A); *Davis v. Roberts*, 425 F.3d 830, 833 (10th Cir. 2005).  And we may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C.

---

[2]     We adhere to the unconventional pagination that Mr. Gay uses in his opening brief on appeal.

§ 2253(c)(2). To obtain a COA when "a district court has rejected the constitutional claim on the merits," an applicant must show "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," "or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). But "[w]hen the district court denies a habeas petition on procedural grounds," the applicant has an extra hurdle to clear. *Id.* That applicant must prove both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* (emphasis added).

Whether to issue a COA is a "threshold question" that we decide "without 'full consideration of the factual or legal bases adduced in support of the claims.'" *Buck v. Davis*, 580 U.S. ----, 137 S. Ct. 759, 773 (2017) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003)). To cross that threshold, an applicant need not show "that the appeal will succeed." *Welch v. United States*, 578 U.S. ----, 136 S. Ct. 1257, 1263 (2016) (quoting *Miller-El*, 537 U.S. at 337). Indeed, "[a] claim can be debatable even though every jurist of reason might agree . . . that petitioner will not prevail." *Buck*, 137 S. Ct. at 774 (quoting *Miller-El*, 537 U.S. at 338). That said, we must incorporate the Antiterrorism and Effective Death

Penalty Act's ("AEDPA") deference to state court decisions "into our consideration of a habeas petitioner's request for [a] COA." *Dockins v. Hines*, 374 F.3d 935, 938 (10th Cir. 2004); *accord Postelle v. Carpenter*, 901 F.3d 1202, 1223 (10th Cir. 2018); *see* 28 U.S.C. § 2254(d)(1), (d)(2) (providing that a habeas application "shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim . . . (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law," or "(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding").

## III

Mr. Gay seeks a COA to challenge four of the district court's rulings. As explained below, no jurist of reason could debate the correctness of those rulings. We therefore deny Mr. Gay's requested COA.

## A

Mr. Gay first presents the following question: Did the district court err by dismissing claims four through eight of his habeas petition without liberally construing that petition "and without sua sponte considering the U.S. Supreme Court's findings in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012)[?]" Aplt.'s Opening Br. at 3(a).

5

The district court dismissed those claims "as procedurally defaulted in state court." R., Vol. II, at 22. It did so because Colorado law directs state courts, with limited exceptions, to "deny any [postconviction] claim that could have been presented" on direct appeal. COLO. R. CRIM. P. 35(c)(3)(VII). And the Colorado Court of Appeals had denied claims four through eight under that rule because it determined that Mr. Gay could have, but did not, present those claims on direct appeal. Concluding that Colorado Rule of Criminal Procedure 35(c)(3)(VII) was an independent and adequate state procedural ground and finding that Mr. Gay made no showing of cause or prejudice, the district court deemed claims four through eight "procedurally defaulted . . . and barred from federal habeas review." R., Vol. II, at 22.

Mr. Gay takes issue with this procedural ruling. He argues that the court erred by illiberally reading his habeas petition and not considering *Martinez*. According to Mr. Gay, under *Martinez*, claims four through eight "could have been addressed under the guise of ineffective assistance of direct appeal counsel." Aplt.'s Opening Br. at 3(a). And he faults the district court for not "read[ing] [the *Martinez* argument] into his pleadings." *Id.* at 3(c). Thus, he asks this court to remand claims four through eight to the district court "for review on the merits."[3]

---

[3] Mr. Gay alternatively asks to return to state court "for further review" and to argue there that his failure to raise claims four through eight on direct appeal was excused by appellate counsel's ineffectiveness. Aplt.'s Opening Br. at 3(c). No jurist of reason could disagree with the district court's

6

*Id.*

We must decline Mr. Gay's request. Mr. Gay concedes that he did not raise claims four through eight on direct appeal. In order to avoid dismissal under Colorado Rule of Criminal Procedure 35(c)(3)(VII), he had to convince the state postconviction court that his failure to raise those claims fell within one of the enumerated exceptions to the rule. *See* COLO. R. CRIM. P. 35(c)(3)(VII); *accord People v. Taylor*, 446 P.3d 918, 921 (Colo. App. 2018). But Mr. Gay failed to do so.[4] He is left, then, without any viable means to cast doubt on the district court's ruling that he procedurally defaulted claims four through eight and that he failed to overcome that default.

Furthermore, *Martinez* offers no reason to doubt the district court's ruling. That case held that under certain circumstances "'a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if' the default results from the ineffective assistance of the prisoner's counsel

conclusion that returning to state court is not an option for Mr. Gay. Because he could have raised that ineffective-assistance-of-appellate-counsel claim in his first postconviction proceeding, he "is subject to an anticipatory procedural bar" stopping him from now advancing this claim in state court. R., Vol. II, at 21; *see* COLO. R. CRIM. P. 35(c)(3)(VII); *Thacker v. Workman*, 678 F.3d 820, 840–41 (10th Cir. 2012).

[4] Mr. Gay "discuss[es] the 'adequacy' of [Colorado] Crim. P. Rule 35(c)(3)(VII)." Aplt.'s Opening Br. at 3(c). But that discussion is mooted by our decision in *Hobdy v. Raemisch*, 916 F.3d 863 (10th Cir. 2019), which ruled that Colorado Rule of Criminal Procedure 35(c)(3)(VII) is both "independent of federal law and adequate to sustain a procedural default," *id.* at 883.

7

in the collateral proceeding." *Davila v. Davis*, 569 U.S. ----, 137 S. Ct. 2058, 2065 (2017) (quoting *Martinez*, 566 U.S. at 17).  But claims four through eight are not ineffective-assistance-of-trial-counsel claims; they are claims pertaining to substantive trial errors.  *See Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986) (explaining that ineffective-assistance claim and underlying substantive claim "have separate identities").  As a result, *Martinez* is inapplicable.

In sum, no jurist of reason could debate the correctness of the district court's dismissal of claims four through eight as procedurally defaulted.  And Mr. Gay's effort to inject doubt fails.  His first proposed issue for review thus offers no basis to grant a COA.

**B**

Mr. Gay's second proposed question fares no better.  It asks the following: Did the district court "abuse its discretion" by relying on 28 U.S.C. § 2254(e)(2) to deny "Mr. Gay the opportunity to develop" claim three (his ineffective-assistance-of-trial-counsel claim) through an evidentiary hearing "because he was unable to do so at the state level?"  Aplt.'s Opening Br. at 3(e).

We need not reach the merits of this second question, however, because Mr. Gay did not preserve this issue before the district court.  At no point did Mr. Gay argue either that he had developed the factual basis for claim three in state court or that he met § 2254(e)(2)'s stringent requirements for an evidentiary hearing that

8

apply when a petitioner failed to develop the factual basis of a claim in state court. That silence effects a waiver of this contention. *See, e.g.*, *Parker v. Scott*, 394 F.3d 1302, 1327 (10th Cir. 2005); *Jones v. Gibson*, 206 F.3d 946, 958 (10th Cir. 2000). Given this state of affairs, no jurist of reason could debate the district court's resolution of claim three without an evidentiary hearing. We therefore cannot grant Mr. Gay a COA on his second proposed question.

## C

Mr. Gay's third question meets a similar fate. This question asks whether the district court erred in denying claim one on the merits. Claim one, in turn, alleges that the state trial judge violated Mr. Gay's constitutional rights by (a) admitting evidence of the earlier Denver shooting, and (b) refusing to recuse himself after admitting this evidence.[5] The district court denied each subpart of this claim (subparts (a) and (b), respectively) on the merits. No jurist of reason could disagree with that resolution.

### 1

Before Mr. Gay's trial, the prosecution moved to introduce evidence about

---

[5] Claim one also alleges that the state trial court erred in admitting evidence that Mr. Gay often said in the course of disputes, "[d]o I need to go out and get my gun?" Mr. Gay has abandoned his challenge to the district court's resolution of this portion of claim one. *See* Aplt.'s Opening Br. at 3(r) n.2 ("Mr. Gay will not argue the statement of needing to get a gun issue."); *see also United States v. Yelloweagle*, 643 F.3d 1275, 1276–77 (10th Cir. 2011) (concluding that party abandoned argument on appeal by not mentioning it in his opening brief). Thus, we do not consider this waived issue.

the prior Denver shooting. It "offered the evidence to rebut Gay's denial that he owned or possessed any firearms . . . ; to show Gay's intent in the [charged murder]; and to show that Gay acted with deliberation and premeditation." R., Vol. I, at 228 (Op. Affirming J. of Conviction, filed Nov. 22, 2016). The trial court noted that the Denver-shooting evidence could also be admitted to show Mr. Gay's identity as the shooter in the charged murder. The court then admitted that evidence.

Mr. Gay argues that in doing so the state trial court violated his federal due-process right to a fair trial. That evidence, he says, was improperly admitted to show his propensity to shoot people. And allowing such prejudicial evidence to go to the jury, Mr. Gay says, rendered his trial unfair.

The district court disagreed. It first noted that the Colorado Court of Appeals had held that the state trial court did not err under state law or under the federal Constitution[6] by admitting the Denver-shooting evidence. The district court also pointed out that habeas relief for a state-law evidentiary error lies only when the evidentiary ruling was "so unduly prejudicial that it renders the trial

---

[6] The Colorado Court of Appeals expressly rested its holding regarding subpart (a) on only state (not federal) law. But the district court presumed that the state court had implicitly addressed and rejected Mr. Gay's federal constitutional arguments regarding admission of the Denver-shooting evidence. *See* R., Vol. II, at 15 (relying on the presumption explicated in *Harrington v. Richter*, 562 U.S. 86 (2011)). Mr. Gay does not challenge this reasoning before us and, therefore, we have no need to consider the matter further.

fundamentally unfair." R., Vol. III, at 39 (quoting *Lott v. Trammell*, 705 F.3d 1167, 1190 (10th Cir. 2013)). But the district court found that Mr. Gay could not show such prejudice. For that reason, it ruled that the state court's decision regarding subpart (a) of his claim was "not contrary to or an unreasonable application of clearly established . . . federal law or an unreasonable determination of the facts." *Id.* at 36.

No jurist of reason could debate the district court's assessment of that constitutional claim. Any prejudice from the Denver-shooting evidence was blunted by the trial court's instruction to the jury that it could not consider that evidence to infer that Mr. Gay has a propensity to shoot people. Given this limiting instruction and our presumption that jurors follow their instructions, *see Weeks v. Angelone*, 528 U.S. 225, 234 (2000), no reasonable jurist could question the district court's conclusion that this portion of Mr. Gay's claim one fails under AEDPA's deferential standards. Thus, subpart (a) offers no basis on which to grant Mr. Gay a COA.

**2**

Nor does subpart (b). After the trial judge admitted the Denver-shooting evidence, Mr. Gay moved the judge to recuse himself. That motion alleged that by noting that the Denver-shooting evidence could also be admitted to show identity—an argument the prosecution had not advanced—the trial judge evinced a

11

bias against Mr. Gay, requiring his recusal. And, in refusing to recuse himself, the trial judge violated Mr. Gay's constitutional right to a fair trial before an unbiased judge, Mr. Gay argued.

The district court rejected that argument, specifically stating the following: "[a]n accusation of bias grounded in prior judicial rulings against a party almost never demonstrates partiality requiring a judge's recusal." R., Vol. III, at 35 (citing *Liteky v. United States*, 510 U.S. 540, 555 (1994)). The Colorado Court of Appeals had found that Mr. Gay's claims related "only to rulings by the trial judge" and not any "personal bias and prejudice." *Id.* at 36 (discussing state court's findings). That court had also held that the trial judge violated neither state nor federal law[7] in declining to recuse himself. Mr. Gay offered the district court no evidence to cast doubt on the state court's ruling. Thus, the district court concluded that Mr. Gay was not entitled to relief on this habeas claim.

No jurist of reason could disagree. Even in his brief on appeal, Mr. Gay fails to allege that the state trial judge had a personal bias against him. Simply put, he offers no reason to question the Colorado Court of Appeals's denial of his recusal claim or the district court's deference to that ruling. Rather, Mr. Gay

---

[7] As with its treatment of subpart (a), the state court only expressly addressed Mr. Gay's state-law arguments as to subpart (b). But the district court again presumed that the state court had implicitly rejected Mr. Gay's federal constitutional arguments on the merits. *See* R., Vol. II, at 15–17 (applying the presumption from *Harrington*). Mr. Gay does not challenge this reasoning and, therefore, we again have no need to consider the matter further.

simply asserts that the trial judge "had an interest in seeing that he was convicted." Aplt.'s Opening Br. at 3(r). That conclusory assertion is not enough to spark a debate among jurists of reason regarding the correctness of the district court's ruling. We cannot grant Mr. Gay a COA on subpart (b) of claim one.

**D**

Mr. Gay's final proposed question is the following: Did the district court err in denying claim two of his habeas petition? That claim alleged that the trial court deprived Mr. Gay of his right to a fair trial by admitting testimony from a detective stating that witnesses often do not testify to the same facts that they have told the police. Admitting that testimony, Mr. Gay argues, allowed the detective to testify to the truthfulness of another witness whose trial testimony varied from the account he gave to the police. And this evidentiary error, Mr. Gay reasons, deprived him of a fair trial.

The district court disagreed. It reiterated that a state-law evidentiary error merits habeas relief only when the error renders the trial fundamentally unfair. *See Lott*, 705 F.3d at 1190. The court also highlighted the Colorado Court of Appeals's conclusion that the detective "neither opined on the truth of a particular witness's testimony nor his or her character for truthfulness, and the trial court properly admitted the statement." R., Vol. III, at 45 (quoting the state court's opinion). Having failed to proffer an argument and supporting facts as to how the

13

state court's ruling was "contrary to or an unreasonable application of clearly established federal law," Mr. Gay was "not entitled to relief" on claim two, the district court concluded. *Id.* at 47.

No jurist of reason could debate that conclusion. As the district court explained, Mr. Gay's counsel neutralized any prejudice from the detective's testimony by cross-examining the detective and the witness whose testimony the detective supposedly bolstered. What is more, in his briefing on appeal, Mr. Gay again fails to offer any on-point federal law that the state court's holding violated. *See* Aplt.'s Opening Br. at 3(u) (claiming without support that the state court's ruling violated four inapposite Supreme Court cases dealing with judicial bias or military detention). That failure prevents Mr. Gay from discharging his burden of showing that jurists of reason could debate the district court's resolution of the constitutional claim. We cannot grant Mr. Gay a COA on his fourth proposed question.

**IV**

For the foregoing reasons, we **DENY** Mr. Gay's application for a COA and dismiss this matter. And because Mr. Gay has not shown that he has a "reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal," *Watkins v. Leyba*, 543 F.3d 624, 627 (10th Cir. 2008) (quoting *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997)), we **DENY** his

14

motion for leave to proceed *in forma pauperis* on appeal.

ENTERED FOR THE COURT


Jerome A. Holmes
Circuit Judge