23CA1735 Peo v Stockwell 05-22-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 23CA1735
Larimer County District Court No. 17CR1011
Honorable Juan G. Villaseñor, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Scot Lee Stockwell,

Defendant-Appellant.

ORDER AFFIRMED

Division II
Opinion by JUDGE FOX
Harris and Schutz, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced May 22, 2025

Philip J. Weiser, Attorney General, Lisa K. Michaels, Senior Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

Scot Lee Stockewell, Pro Se

¶ 1     Defendant, Scot Lee Stockwell, appeals the district court's order summarily denying his most recent postconviction motion. We affirm.

¶ 2     As part of a global disposition of two cases, Stockwell pleaded guilty to one count of sexual assault on a child – position of trust. The parties stipulated to a sentence of sex offender intensive supervision probation for ten years to life.  In June 2018, the district court imposed the stipulated sentence.  Because Stockwell did not directly appeal, his conviction became final at that time. *See People v. Collier*, 151 P.3d 668, 671 (Colo. App. 2006) ("For purposes of § 16-5-402 and postconviction review, if there is no direct appeal, a conviction occurs when the trial court enters judgment and sentence is imposed.").

¶ 3     Stockwell timely filed his first pro se Crim. P. 35(c) motion in November 2018.  The district court summarily denied the undeveloped motion, but Stockwell was permitted to amend it.  *See People v. Stockwell*, slip op. at ¶¶ 11-15 (Colo. App. No. 19CA1520, Nov. 3, 2022) (not published pursuant to C.A.R. 35(e)).  On remand, the district court considered the merits of the ineffective assistance claims in Stockwell's amended motion, but it denied them in a

written order without appointing counsel or conducting an evidentiary hearing. *Id.* at ¶¶ 16-20. On de novo review, a division of this court affirmed. *Id.* at ¶¶ 26, 29-42.

¶ 4 In June 2023, Stockwell filed the pro se Crim. P. 35(c) motion at issue here. Days later, the district court summarily denied the motion as successive, but Stockwell alleges that he was not notified of the decision. When he did not receive the court's order within sixty-three days of filing, Stockwell moved "to reverse the sentence, overturn the conviction, and dismiss the case with prejudice," arguing that the delay violated his constitutional right to due process. The court summarily denied that motion as well.

¶ 5 On appeal, Stockwell contends that he is entitled to the appointment of counsel and an evidentiary hearing on the claims in his June 2023 motion and his additional due process claim. We conclude that the district court properly disposed of these claims.

¶ 6 Stockwell apparently concedes that his Crim. P. 35(c) motion is successive and did not allege any exceptions to the procedural bar on successive motions. In his appellate brief, he argues that the district court should have nevertheless considered the merits of his motion because his "expanded allegations and . . . legal

2

arguments" are a "special circumstance." Crim. P. 35(c)(3)(VI) and (VII) do not include this type of exception, and we conclude that Stockwell's belated assertion does not rescue his motion from these procedural bars.

¶ 7     Moreover, as the People point out, Stockwell's motion is time barred because it was filed five years after his conviction became final. Subject only to exceptions not asserted here, Crim. P. 35(c) attacks on non-class 1 felony convictions must be filed within three years following the date of a defendant's conviction, as specified in section 16-5-402(1), C.R.S. 2024. We may deny relief on this basis, even though the issue of timeliness was not considered by the district court. § 16-5-402(1.5).

¶ 8     Finally, we are not persuaded by Stockwell's arguments that (1) he was entitled to the appointment of counsel; (2) the successiveness bar should not apply to him because he is acting pro se; and (3) his due process rights were violated by the delayed receipt of the district court's order denying his motion. Stockwell was not entitled to appointed counsel because his motion is procedurally barred. *See Silva v. People*, 156 P.3d 1164, 1168 (Colo. 2007) (A defendant is not entitled to postconviction counsel

when his motion is "wholly unfounded."). The bar on successive motions applies to pro se defendants. *See People v. Taylor*, 2018 COA 175, ¶¶ 13-21. Stockwell cites no authority that supports his third argument, and we are aware of none. We therefore conclude that his third argument also fails.

¶ 9 The order is affirmed.

JUDGE HARRIS and JUDGE SCHUTZ concur.