24CA1689 Peo v Clutts 09-25-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA1689
Fremont County District Court Nos. 03CR159 & 03CR253
Honorable Lynette M. Wenner, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Edward Allen Clutts,

Defendant-Appellant.

---

ORDERS AFFIRMED

Division I
Opinion by JUDGE KUHN
J. Jones and Moultrie, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced September 25, 2025

---

Philip J. Weiser, Attorney General, William G. Kozeliski, Senior Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

Edward Allen Clutts, Pro Se

¶ 1     Defendant, Edward Allen Clutts, appeals the district court's orders denying his most recent postconviction motion. We affirm.

## I.     Background

¶ 2     Clutts was charged in Fremont County with sex offenses in two separate criminal cases involving different victims. After a consolidated trial, a jury found Clutts guilty of three counts of sexual assault on a child by one in a position of trust as part of a pattern of abuse — two in Case No. 03CR159 and one in Case No. 03CR253. The trial court imposed concurrent, indeterminate prison sentences for each conviction.

¶ 3     Clutts directly appealed, and a division of this court affirmed the judgments of conviction, affirmed the sentences in part and reversed them in part, and remanded for resentencing on one conviction in Case No. 03CR159. *See People v. Allen,* (Colo. App. No. 04CA1752, Jan. 18, 2007) (not published pursuant to C.A.R. 35(f)). The mandate in the direct appeal was issued in July 2007. On remand, the trial court resentenced Clutts on the designated conviction in Case No. 03CR159.

¶ 4     In 2009, Clutts filed a Crim. P. 35(c) motion for postconviction relief in both cases. The motions included a signed Form 4 petition

for Crim. P. 35(c) relief, in which Clutts was advised that (1) he must file such a motion within three years of his conviction and (2) he needed to raise all postconviction claims in that motion because the court would be required to deny any claim raised in a future motion that could have been presented in a prior appeal or postconviction proceeding. Clutts raised eight postconviction claims, including constitutional challenges to his conviction. The postconviction court summarily denied relief, and a division of this court affirmed. *See People v. Allen*, (Colo. App. No. 09CA2230, Oct. 21, 2010) (not published pursuant to C.A.R. 35(f)).

¶ 5　　Thereafter, Clutts filed numerous unsuccessful postconviction motions and appeals in both cases. *See People v. Clutts*, slip op. at ¶ 5 (Colo. App. No. 22CA2170, July 13, 2023) (not published pursuant to C.A.R. 35(e)) (collecting cases). Each of Clutts's Crim. P. 35(c) motions contained a signed Form 4 with the same admonishments regarding successive and untimely petitions for postconviction relief. *Id.*

¶ 6　　In 2022, Clutts filed a "Motion for Leave to File a Successive and Time Barred 35(c) Petition" in both cases. *Id.* at ¶ 6. He argued that, because he had requested the appointment of counsel,

2

the postconviction court erroneously failed to serve the public defender's office with all his prior postconviction motions. *Id.* He also asserted that certain issues related to his incarceration prevented him from filing a procedurally correct postconviction motion and asked the court to find that his current postconviction claims were exempt from the successiveness and timeliness procedural bars. *Id.* The district court summarily denied the motions, finding that the claims were "time barred, successive, [and] without merit," and a division of this court affirmed. *Id.* at ¶ 14.

¶ 7   On August 26, 2024, Clutts filed yet another Crim. P. 35(c) motion, the denial of which is the subject of this appeal. He acknowledged that he had filed six previous Crim. P. 35(c) motions and accompanying appeals. Nonetheless, he alleged that his convictions were infirm due to evidentiary and constitutional errors related to child hearsay. He admitted that he had "filed this same issue" in a 2014 Crim. P. 35(c) motion. But he asserted that the "laws and statutes" had changed in 2019, putting the issue in a "new light." He further asserted that the untimeliness of his motion should be excused under the justifiable excuse or excusable neglect

3

exception because "COVID-19 infected Colorado Territorial Facility in 2020[] and 2021 preventing access to the law library."

¶ 8 Once again, the district court denied the claims as "time-barred, successive, [and] without merit." Clutts appeals.

## II. Analysis

¶ 9 Clutts raises a number of challenges to the district court's denial of his Crim. P. 35(c) motion. The People assert that his motion was properly denied because it was successive. We agree with the People.

### A. Applicable Law and Standard of Review

¶ 10 Crim. P. 35(c) allows a defendant to challenge a judgment of conviction on grounds that it was obtained in violation of his constitutional or statutory rights. *See* Crim. P. 35(c)(2)(I). But a defendant is not entitled to perpetual review of his postconviction claims. *People v. Rodriguez*, 914 P.2d 230, 249 (Colo. 1996). Thus, absent limited exceptions, a postconviction court must summarily deny any successive claim. Crim. P. 35(c)(3)(VI)-(VII); *see also People v. Taylor*, 2018 COA 175, ¶ 17 (the language directing a court to deny successive postconviction claims is "mandatory rather than permissive").

4

¶ 11 A claim is successive if it was either "raised and resolved" or "could have been presented" in a previous appeal or postconviction proceeding. Crim. P. 35(c)(3)(VI)-(VII); *see Taylor,* ¶¶ 9, 17.

¶ 12 We review de novo the summary denial of a Crim. P. 35(c) motion. *People v. Cali,* 2020 CO 20, ¶ 14.

## B. Clutts's Motion is Successive

¶ 13 In his 2024 motion, Clutts acknowledged that he has filed at least six Crim. P. 35(c) motions and accompanying appeals. Indeed, Clutts filed his first Crim. P. 35(c) petition in 2009. He further acknowledged that his current claim was the same or similar to those previously brought. *See* Crim. P. 35(c)(3)(VI). But regardless of whether the current claim was presented in the previous postconviction proceedings and appeals, it could have been. Thus, the district court was required to deny the instant motion as successive. *See Taylor,* ¶ 17; *People v. Tennyson,* 2023 COA 2, ¶ 13 ("A district court is required to deny a Crim. P. 35(c) claim that was, or could have been, raised and resolved in a prior appeal or postconviction proceeding on behalf of the same defendant."), *aff'd,* 2025 CO 31; *see also* Crim. P. 35(c)(3)(VII) (noting that, with

5

exceptions, "the court shall deny any claim that could have been presented" in a previous appeal or postconviction proceeding).

¶ 14    We are not persuaded by the assertion in Clutts's motion — to the extent he made it — that an exception to the successiveness bar applies. *See* Crim. P. 35(c)(3)(VII)(a)-(e). Although he alluded to a change in the law, he did not specify what that change was. And in any event, he asserted that this alleged change occurred in 2019. Thus, a claim premised on such a change is procedurally barred because it "could have been presented" in the postconviction motions he filed in 2021 and 2022, both of which the district court and divisions of this court construed as Crim. P. 35(c) motions. *People v. Clutts*, slip op. at ¶ 11 (Colo. App. No. 21CA0803, June 30, 2022) (not published pursuant to C.A.R. 35(e)) (concluding that Clutts's 2021 postconviction motion was cognizable under Crim. P. 35(c)); *Clutts*, No. 22CA2170, slip op. at ¶¶ 9-14 (analyzing Clutts's 2022 postconviction motion under Crim. P. 35(c)).

¶ 15    We also agree with the district court's conclusion that the instant motion was barred by the time limitation set forth in section 16-5-402(1), C.R.S. 2025. And we agree with the People that the motion failed to adequately allege circumstances amounting to

6

justifiable excuse or excusable neglect.  *See* § 16-5-402(2)(d).  That is, although Clutts asserted that his untimeliness should be excused due to a change in the law in 2019 and a lack of access to the law library in 2020 and 2021, he did not explain why the instant motion could not be filed until 2024.

¶ 16    Finally, to the extent Clutts raises new claims or attempts to fortify claims not adequately raised in his postconviction motion for the first time on appeal, we do not address them.  *See Rodriguez,* 914 P.2d at 251 (noting that a defendant may not use a brief on appeal to fortify claims inadequately raised or supported in a Crim. P. 35(c) motion).

## III.   Disposition

¶ 17    The orders are affirmed.

JUDGE J. JONES and JUDGE MOULTRIE concur.